1 | Thomas R. Burke (CA State Bar No. 141930)
2 | DAVIS WRIGHT TREMAINE LLP
  | 505 Montgomery Street, Suite 800
3 | San Francisco, California 94111
  | Telephone: (415) 276-6500
4 | Facsimile: (415) 276-6599
  | Email: thomasburke@dwt.com
5 |
6 | Matt Zimmerman (CA State Bar No. 212423)
  | ELECTRONIC FRONTIER FOUNDATION
7 | 454 Shotwell Street
  | San Francisco, California 94110
8 | Telephone: (415) 436-9333
  | Facsimile: (415) 436-9993
9 | Email: mattz@eff.org

10 | Attorneys for Council on American Islamic
11 | Relations of Santa Clara, Inc.,

12 |

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MICHAEL SAVAGE, ) Case No. CV07-06076 SI
 )
Plaintiff, ) **AMENDED ANSWER OF DEFENDANT**
 ) **COUNCIL ON AMERICAN-ISLAMIC**
v. ) **RELATIONS OF SANTA CLARA TO FIRST**
 ) **AMENDED COMPLAINT FOR DAMAGES**
COUNCIL ON AMERICAN- )
ISLAMIC RELATIONS, INC., ) Honorable Susan Illston
COUNCIL ON AMERICAN )
ISLAMIC RELATIONS ACTION )
NETWORK, INC., COUNCIL ON )
AMERICAN ISLAMIC RELATIONS )
OF SANTA CLARA, INC., and )
DOES 3-100, )
 )
Defendants. )

Defendant Council on American-Islamic Relations of Santa Clara referred to herein as

"CAIR-San Francisco Bay Area" (CAIR-SFBA), by and through its attorneys, answer Plaintiff's

*DAVIS WRIGHT TREMAINE LLP* (vertical text, left margin)

1 First Amended Complaint for Damages ("Complaint") and assert affirmative or other defenses as

2 follows[1]:

### FIRST CAUSE OF ACTION
#### Copyright Infringement

5     1.     CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

6 truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies such

7 allegations.

8     2.     CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

9 truth of the allegations contained in paragraph 2 of the Complaint, and on that basis deny such

10 allegations.

11     3.     CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

12 truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies such

13 allegations.

14     4.     CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

15 truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies such

16 allegations.

17     5.     CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

18 truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies such

19 allegations.

20     6.     CAIR-SFBA denies the allegations contained in paragraph 6 of the Complaint.

21 CAIR's organizational structure is no different than many other non-profit organizations. CAIR

22 was first incorporated in Washington, D.C. in 1994. That chapter is commonly referred to as the

23 "national chapter" and "CAIR-National." All other 34 chapters are separate legal entities.

24 Generally, a CAIR chapter will incorporate in a state and the first office of CAIR in the state will

25 become the head office for each state. For example, CAIR-California was first incorporated in the

26 State of California in Santa Clara, CA. Later other chapters/offices were started around the state

---

[1] In answering Plaintiff's First Amended Complaint, CAIR recites, verbatim, the paragraph
headings used by Plaintiff and in so doing in no way admits the allegations asserted within those
headings and in fact, denies them.

2

DAVIS WRIGHT TREMAINE LLP

1    of California such as in Anaheim, San Diego and Sacramento. Each of the subsequent chapters in

2    California are managed by the legal entity incorporated in Santa Clara. The chapter incorporated

3    in Santa Clara is commonly referred to as CAIR-San Francisco Bay Area and is the CAIR-

4    California head office for the purposes of filing taxes and other administrative purposes.

5       7.    CAIR-SFBA admits that CAIR-Texas is a separate entity incorporated in the state

6    of Texas and that the Plaintiff served CAIR-Texas's registered agent with the original Complaint.

7    CAIR denies the remaining allegations contained in paragraph 7 of the Complaint. All of CAIR's

8    chapters are clearly identified on CAIR's website.

9       8.    CAIR-SFBA denies that CAIR-Texas is headquartered in Garland, Texas. CAIR-

10   SFBA lacks knowledge or information sufficient to form a belief as to facts involving the Holy

11   Land Foundation and its founders and on that basis denies such allegations. CAIR-SFBA admits

12   that Ghassan Eliashi was a founder of CAIR-Texas.

13      9.    CAIR-SFBA denies that they are "self-proclaimed leaders" of CAIR, deny that

14   CAIR-National is incorporated in Washington, D.C. as alleged under the name Council on

15   American-Islamic Relations Action Network, and admit that the non-profit organization ("CAIR-

16   National") filed a 990 in 2005 under the name: Council on American-Islamic Relations. CAIR-

17   SFBA admits there is an entity called the Council on American-Islamic Relations Action Network,

18   incorporated in Washington, D.C., but it does not do business as CAIR or CAIR National. CAIR-

19   SFBA denies any remaining allegations in paragraph 9.

20      10.   CAIR-SFBA admits that there is an audio segment of the Plaintiff's radio program

21   on CAIR-National's website: www.cair.com, which is owned and operated by CAIR-National.

22   CAIR-SFBA denies that this use is "copyright infringing." CAIR-SFBA admits that the activities

23   of all chapters are featured on the website. CAIR-SFBA denies that the name of CAIR is the

24   "Council on American Islamic Relations Action Network" and admits that the website does not

25   refer to any "corporate name", but that it refers to the "Council on American-Islamic Relations"

26   which is the name of the of the civil rights organization at question herein. CAIR-SFBA lacks

27   knowledge or information sufficient to form a belief as to the truth of the remaining allegations

28   contained in paragraph 10 of the Complaint, and on that basis denies such allegations.

DAVIS WRIGHT TREMAINE LLP

1        11.     CAIR-SFBA denies the allegations in paragraph 11 of the Complaint.

2        12.     CAIR-SFBA denies the allegations in paragraph 12 of the Complaint.

3        13.     CAIR-SFBA denies the allegations in paragraph 13 of the Complaint.

4        14.     CAIR-SFBA denies the allegations in paragraph 14 of the Complaint.

5        15.     CAIR-SFBA denies the allegations in the first sentence of paragraph 15 of the

6  Complaint and denies that their name is the "Council on American Islamic Relations Action

7  Network." CAIR-SFBA admits that an amicus brief was filed on behalf of CAIR-National in the

8  case named in Paragraph 15 of the Complaint but denies that the Council on American Islamic

9  Relations Action Network is their "actual" name. "Council on American-Islamic Relations, Inc."

10  is the legal name of CAIR-National.

11        16.     CAIR-SFBA admits the allegations contained in paragraph 16 of the Complaint.

12        17.     CAIR-SFBA admits that the amicus brief was filed on behalf of CAIR-National,

13  but that the name of CAIR is "Council on American-Islamic Relations."

14        18.     CAIR-SFBA admits that there is a CAIR chapter incorporated in Texas but lack

15  knowledge as to when it was incorporated an on that basis deny such allegations. CAIR-SFBA

16  denies that the CAIR-Texas chapter has been named a party to this lawsuit. CAIR-SFBA admits

17  that CAIR-Texas was nonetheless served with both the original Complaint and the First Amended

18  Complaint. CAIR-SFBA denies that CAIR-National was incorporated in 1994 in Washington,

19  D.C. under the name Council on American Islamic Relations Action Network. CAIR-SFBA

20  denies that any confusion or deception has been "perpetrated on the United States District Court in

21  Texas" and denies the remaining allegations contained in paragraph 18.

22        19.     CAIR-SFBA denies that any "deception" or "confusion" was created or "not

23  corrected" by CAIR-National and denies the allegations contained in paragraph 19 of the

24  Complaint.

25        20.     CAIR-SFBA denies the allegations in paragraph 20 of the Complaint.

26                          JURISDICTION

27        21.     CAIR-SFBA admits that the Complaint purports to allege claims under the

28  Copyright Act and the RICO statute, but denies that it has violated the Copyright Act or infringed

DAVIS WRIGHT TREMAINE LLP

4

1  upon any copyright that Plaintiff may have or violated the RICO statue.  CAIR-SFBA denies that

2  they are "most directly associated with the operation of" or the owner of www.cair.com.  CAIR-

3  SFBA admits that San Francisco and Santa Clara, California are within the jurisdiction of the

4  United States District Court, Northern District of California. CAIR-SFBA denies that they have a

5  CEO.  It is unclear which founder Plaintiff is referring to in the allegations that the "founder of the

6  Washington DC based CAIR served on the Board of Directors of the Santa Clara based CAIR"

7  and on that basis CAIR-SFBA denies the allegations.  CAIR-SFBA denies the allegations

8  contained in the last sentence of paragraph 21 of the Complaint.

9       22.     CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegations contained in paragraph 22 of the Complaint, and on that basis denies such

11  allegations.

<center>COPYRIGHT INFRINGEMENT</center>

13       23.     CAIR-SFBA admits that the Complaint purports to allege claims under the

14  Copyright Act and Racketeering Act, but denies that it violated the Copyright Act, infringed any

15  copyright that Plaintiff may have, or violated the Racketeering Act.  CAIR-SFBA lacks

16  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

17  contained in paragraph 23 of the Complaint, and on that basis denies any such allegations.

18       24.     CAIR-SFBA admits that audio segments from the October 29, 2007 episode of

19  "The Michael Savage Show" radio program are available on CAIR-National's website

20  www.cair.com and that the audio excerpts are collectively four minutes and thirteen seconds.

21  CAIR-SFBA otherwise denies the allegations in paragraph 24 of the Complaint.

22       25.     CAIR-SFBA denies the allegations in paragraph 25 of the Complaint.  The Council

23  on American-Islamic Relations, a 501(c)(3) grassroots civil rights and advocacy group founded in

24  1994, is America's largest Islamic civil liberties group.  Since 1994, CAIR has worked to promote

25  a positive image of Islam and Muslims in America. Through media relations, government

26  relations, education and advocacy, CAIR puts forth an Islamic perspective to ensure the Muslim

27  voice is represented. In offering this perspective, CAIR seeks to empower the American Muslim

28  community and encourage their participation in political and social activism. CAIR processed

DAVIS WRIGHT TREMAINE LLP

<center>5</center>

1  nearly 2,500 civil rights discrimination claims in 2006 and more than 9,500 in the past decade.

2  Hundreds of these claims were handled to resolution.  CAIR publishes the only annual civil rights

3  report on the status of civil rights of Muslims in America.  CAIR's vision is to be a leading

4  advocate for justice and mutual understanding.  CAIR's mission is to enhance understanding of

5  Islam, encourage dialogue, protect civil liberties, empower American Muslims, and build

6  coalitions that promote justice and mutual understanding.

7       26.     CAIR-SFBA denies the allegations in paragraph 26 of the Complaint.

8  <u>COPYRIGHT INFRINGEMENT AS A TOOL TO ATTACK FREE SPEECH, PROMOTE A</u>
9  <u>TERRORIST AGENDA AND FOR OTHER "NON FAIR USE" PURPOSES</u>

10       27.     CAIR-SFBA denies the allegations in paragraph 27 of the Complaint.

11       28.     CAIR-SFBA denies the allegations in paragraph 28 of the Complaint.

12       29.     CAIR-SFBA denies the allegations in paragraph 29 of the Complaint.

13       30.     CAIR-SFBA denies the allegations in paragraph 30 of the Complaint.

14       31.     CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

15  truth of the allegations contained in paragraph 31 of the Complaint regarding the effect of the use

16  of the work on the public image of the October 29, 2007, episode of The Michael Savage Show

17  and on that basis denies such allegations.  CAIR-SFBA also lacks knowledge or information

18  sufficient to form a belief as to the truth of the allegation regarding Plaintiff's "intent" or the

19  allegation that Plaintiff is "well known as a person of faith" and on that basis denies such

20  allegations.  CAIR-SFBA admits that the audio segments that appear on the www.cair.com web

21  site do not include the entire broadcast of the October 29, 2007 episode.  CAIR-SFBA otherwise

22  denies the allegations in paragraph 31 of the Complaint.

23       32.     CAIR-SFBA denies the allegations in paragraph 32 of the Complaint.

24       33.     CAIR-SFBA denies the allegations in paragraph 33 of the Complaint.

25       34.     CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

26  truth of the allegations contained in paragraph 34 of the Complaint including the purported quotes

27  from the 3/27/07 and 11/29/06 broadcasts, and on that basis denies such allegations.

28       35.     CAIR-SFBA denies the allegations in paragraph 35 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

Case No. CV07-06076 SI
<u>AMENDED</u> ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

SFO 402239v1 0085997-000001

1        36.    CAIR-SFBA admits that it contacted various advertisers and sought to convince

2   them not to advertise on The Michael Savage Show. CAIR-SFBA denies the remaining

3   allegations in paragraph 36 of the Complaint.

4        37.    CAIR-SFBA denies the allegations in paragraph 37 of the Complaint.

5        38.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

6   truth of the allegations contained in paragraph 38 of the Complaint, and on that basis denies such

7   allegations.

8        39.    CAIR-SFBA denies the allegations contained in paragraph 39 of the Complaint.

9        40.    CAIR-SFBA denies that Plaintiff need not subject himself to criticism,

10   commentary, or other fair use of his copyrighted material. CAIR-SFBA further denies that it or

11   CAIR-National violated any copyright or that it violated "the freedoms of Michael Savage to

12   express his views." CAIR-SFBA denies the remaining allegations in Paragraph 40 of the

13   Complaint.

14        41.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

15   truth of the allegations contained in paragraph 33 of the Complaint, and on that basis denies such

16   allegations.

17        42.    CAIR-SFBA admits that "Michael Savage's right to speech – and CAIR's – is

18   protected by the First Amendment" and that "it is [the] essence of freedom that voices can be

19   raised strongly and without fear of illegal retaliation." CAIR-SFBA otherwise denies the

20   remaining allegations in paragraph 42 of the Complaint.

21        43.    CAIR-SFBA denies the allegations in paragraph 43 of the Complaint.

22                 CAIR TARGETS THE 1ST AMENDMENT

23        44.    CAIR-SFBA admits that Arsalan Iftikhar was the former Legal Director for CAIR-

24   National and that he may have appeared on MSNBC's Scarborough Country. CAIR-SFBA

25   otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

26   remaining allegations and on that basis, denies the remaining allegations in paragraph 44 of the

27   Complaint.

28        45.    CAIR-SFBA denies the allegations in paragraph 45 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

1    46.    CAIR-SFBA denies the allegations in paragraph 46 of the Complaint.

2    <u>ABUSIVE LAWSUITS AND ECONOMIC BLACKMAIL BY CAIR</u>

3    47.    CAIR-SFBA denies the allegations contained in the first three sentences of

4    paragraph 47 of the Complaint.  CAIR-National helped six of its constituents retain an attorney to

5    represent them after they were gravely harmed after being forcibly removed from an airliner as a

6    result of bad faith complaints made by airline passengers.  The lawsuit was initiated to make the

7    Plaintiffs whole as a result of the harm they suffered after their civil rights were violated.  CAIR-

8    SFBA lacks knowledge or information sufficient to form a belief as to the truth of the remaining

9    allegation and on that basis, denies such allegations.

10    48.    CAIR-SFBA denies the allegations in the first and last sentences of paragraph 48 of

11    the Complaint.  CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

12    truth of the remaining allegations contained in paragraph 48 of the Complaint, and on that basis

13    denies such allegations.  CAIR-National asked its constituents to call into Dr. Laura Schlesinger's

14    show and protest her bigoted remarks that included calling Muslims "murderers" and equating all

15    Muslims to terrorists.

16    49.    CAIR-SFBA denies the allegations in paragraph 49 of the Complaint that they

17    pressured or even asked ABC radio to terminate radio talk show hose Michael Graham.  In August

18    2005, CAIR-National asked the Washington DC station that aired Michael Graham's show to

19    "reprimand" him for stating that "Islam is a terrorist organization."  CAIR-National also urged

20    American Muslims and people of other faiths to contact the station's advertisers to express their

21    concerns about the host's hate-filled views.

22    50.    CAIR-SFBA denies the allegations in paragraph 50 of the Complaint.  CAIR-

23    National did inform Young America's Foundation that they would exercise their legal rights if

24    defamatory statements were made against CAIR.

25    51.    CAIR-SFBA admits that CAIR-National initiated legal proceedings against

26    Andrew Whitehead for libelous articles on Whitehead's website, but denies that the name of the

27    website is anti-CAIR.org.net.  CAIR-SFBA denies that CAIR-National "dropped" the lawsuit.

28    The case was settled after Whitehead paid CAIR-National an amount that the parties agreed would

DAVIS WRIGHT TREMAINE LLP

1  not be disclosed.  Upon information and belief Whitehead's website continues to carry the same

2  defamatory information.

3      52.    CAIR-SFBA admits the allegations contained in paragraph 52 of the Complaint.

4  The case was dismissed on a technicality when the court decided that the Defendant was immune

5  from a defamation suit as a member of the House of Representatives.

6      53.    CAIR-SFBA denies the allegations that they targeted American students, as is

7  contained in paragraph 53 of the Complaint.  They admit that Ms. Townsley made the false

8  statements against them in and October 19, 2004 article in the Cornell Daily Sun.  CAIR-National

9  called on Ms. Townsley to act as a responsible journalist by researching statements before she

10 published them and not to merely repeat statements that she reads on the internet.  CAIR-National

11 called on her to prove all of the defamatory statements that she made about CAIR.  She was not

12 able to do so.  CAIR-SFBA admits that CAIR-National's letters also included the allegations

13 attributed to them in paragraph 53 of the Complaint but deny that the letter was accusatory.

14     54.    CAIR-SFBA denies the allegations contained in paragraph 54 of the complaint.

15 CAIR-National stands by its principles of "education not litigation."  In its 14-year history, CAIR-

16 National has filed two lawsuits on its own behalf to defend their organization's character against

17 defamation.  Of all the thousands of complaints that come to CAIR, CAIR has only filed several

18 lawsuits on behalf of constituents that have been harmed.

19     55.    CAIR-SFBA denies the allegations in paragraph 55 of the Complaint.

20     56.    CAIR-SFBA denies the allegations in paragraph 56 of the Complaint.  CAIR is a

21 civil rights organization as is set out in paragraph 25 of the Answer, above.

22     57.    CAIR-SFBA denies the allegations in paragraph 57 of the Complaint.  CAIR's

23 fundamental purpose is to be a civil rights and educational organization.

24 <u>CAIR AND ITS TERROR CONNECTIONS</u>

25     58.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

26 truth of the statements contained in paragraph 58 of the Complaint, and on that basis denies such

27 allegations.

28

DAVIS WRIGHT TREMAINE LLP

9

1    59.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

2    truth of the allegations contained in paragraph 59 of the Complaint, and on that basis denies such

3    allegations.  They deny the last sentence in paragraph 59 of the Complaint.  All of CAIR's

4    activities are not only open and highly public, they are largely advertised by CAIR through CAIR-

5    National's website or press releases.  CAIR-SFBA denies the allegations contained in the last

6    paragraph of 59 of the Complaint.

7    60.    CAIR-SFBA denies the allegations contained in paragraph 60 of the Complaint.

8    The use of the radio clip was for the purpose of public commentary and discussion.

9    61.    CAIR-SFBA denies the allegations in paragraph 61 of the Complaint.

10    62.    CAIR-SFBA denies the allegations contained in paragraph 62 of the Complaint.

11    CAIR-SFBA understands that CAIR-National receives donations from benefactors from abroad

12    and that donations are reported to the Internal Revenue Service according to the law.  CAIR-SFBA

13    files income taxes separate from CAIR-National, and thus lacks knowledge or information

14    sufficient to form a belief as to the truth of the allegations regarding the named donor contained in

15    paragraph 62 of the Complaint, and on that basis denies such allegations.

16    63.    CAIR-SFBA denies the allegations in paragraph 63 of the Complaint.

17    64.    CAIR-SFBA denies that Omar Ahmad was the president of the Islamic Association

18    for Palestine.  They lack knowledge or information sufficient to form a belief as to the truth of the

19    remaining allegations contained in paragraph 64 of the Complaint, and on that basis denies such

20    allegations.

21    65.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

22    truth of the allegations contained in the first sentence of paragraph 65 and on that basis denies

23    such allegations.  CAIR-SFBA is not privy to the information contained in CAIR-National's

24    federal tax filings.  They admit the remaining allegations in paragraph 65, except to deny that

25    CAIR-National and CAIR-California have any relationship beyond that of a chapter and an

26    affiliate.

27    66.    CAIR-SFBA denies that IAP is a "parent group" to CAIR-National as is stated in

28    the first allegations contained in paragraph 66.  IAP is not associated with CAIR and the two

DAVIS WRIGHT TREMAINE LLP

10

1    entities are not and have never been related. Thus, CAIR-SFBA lacks knowledge or information

2    sufficient to form a belief as to the truth of any allegations regarding IAP, Musa Abu Marzook,

3    Hamas, and the Holy Land Foundation, and on that basis deny such allegations.

4        67.    CAIR-SFBA admits that Hamas is designated as a terrorist organization by both the

5    U.S. Department of State and the U.S. Treasury Department. CAIR-SFBA lacks knowledge or

6    information sufficient to form a belief as to the truth of the remaining allegations contained in

7    paragraph 67 of the Complaint, and on that basis denies such allegations.

8        68.    CAIR-SFBA denies the allegations in paragraph 68 of the Complaint. Mr. Ahmad

9    has always denied the statements quoted. Steven Emerson is a long-time, discredited detractor of

10    Muslims and CAIR. He has never offered proof of the statements that are attributed here to Mr.

11    Ahmad.

12        69.    CAIR-SFBA denies that Omar Ahmad made the statement contained in paragraph

13    69 of the Complaint and admits that Ahmad denies making the statement referenced. CAIR-

14    National issued a press release shortly after the statements were quoted by Lisa Gardiner. CAIR-

15    National's press release denied that Mr. Ahmad made the statements and demanded a retraction by

16    Ms. Gardiner.

17        70.    CAIR-SFBA denies the allegations contained in the first sentence paragraph 70 of

18    the Complaint. They lack knowledge or information sufficient to form a belief as to the truth of

19    the allegations contained in the second paragraph of paragraph 70 of the Complaint and on that

20    basis denies such allegations. CAIR-SFBA was incorporated after CAIR National. They further

21    deny that CAIR is a "self-described charity." They lack knowledge or information sufficient to

22    form a belief as to the truth of the allegations contained in paragraph 70 regarding how and by

23    whom HLF was founded, and on that basis deny such allegations.

24        71.    CAIR-SFBA denies the allegations in paragraph 71 of the Complaint. In 1994,

25    prior to Hamas being declared a terrorist organization by the United States government, Nihad

26    Awad said, "I'm in support of the Hamas movement more than the PLO." This statement was

27    made in response to a direct question from an audience member about social programs in the

28    occupied territories. Moreover, this was lifted, without context, from a longer answer in which

*(left margin, vertical text)* DAVIS WRIGHT TREMAINE LLP

11

1  Awad also asserted: "There are some radicals. We are not interested in those people." Awad never

2  wrote or spoke the comment contained in paragraph 71 of the Complaint regarding the World

3  Trade Center Bombing.

4      72.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

5  truth of the allegations as to where Hamas is listed as a terrorist organization outside of the United

6  States of America or where it is banned as contained in paragraph 72 of the Complaint, and on that

7  basis denies such allegations.

8                          CALIFORNIA CAIR'S EXTREMIST TIES

9      73.    CAIR-SFBA denies the website carrying the material in question belongs to them.

10  They deny filing any forms "900" (sic) under any name. They lack knowledge or information

11  sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73 of

12  the Complaint, and on that basis denies such allegations. All CAIR offices in California are under

13  the governance of the CAIR-California Board of Directors. They do not cross-fund each other:

14  they are essentially the same organization.

15      74.    CAIR-SFBA denies the allegations contained in the first sentence of paragraph 74

16  of the Complaint. At times, CAIR constituents donate money to CAIR that the donor earmarks for

17  a certain relief project, i.e. the Pakistan earthquake or Hurricane Katrina. CAIR then transfers

18  these funds to humanitarian relief organizations such as Islamic Relief. They lack knowledge or

19  information sufficient to form a belief as to the truth of the allegations contained in the second

20  sentence of paragraph 74 of the Complaint that Islamic Relief was named an unindicted co-

21  conspirator, and on that basis deny such allegations. They deny that they made a "donation" to

22  CAIR-National. CAIR-SFBA admits that they use the designation "N. Cal" to distinguish them

23  from CAIR-LA "So. Cal." CAIR-SFBA admits that they donated to the Holy Land Foundation,

24  prior to them being indicted. They admit that Omar Ahmad was on the board of directors for

25  CAIR-California in 2000, but deny that he is or was affiliated with Hamas. They deny the

26  remaining allegations contained in paragraph 74 of the Complaint.

27      75.    CAIR-SFBA denies the allegations contained in the paragraph 75 of the Complaint

28  that CAIR-LA publishes a magazine called "In-Focus." The magazine is not published by CAIR-

DAVIS WRIGHT TREMAINE LLP

1  Los Angeles, but by a separate entity of the corporation CAIR-California.  CAIR-SFBA denies

2  that the managing editor and staff writer is "Asthma" Ahmad.

3      76.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

4  truth of the allegations contained in paragraph 76 of the Complaint, and on that basis denies such

5  allegations.

6      77.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

7  truth of the allegations contained in paragraph 77 of the Complaint, and on that basis denies such

8  allegations.

9      78.    CAIR-SFBA lack knowledge or information sufficient to form a belief as to the

10  truth of the allegations contained in paragraph 78 of the Complaint, and on that basis denies such

11  allegations.

12      79.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

13  truth of the allegations contained in paragraph 79 of the Complaint, and on that basis denies such

14  allegations.

15      80.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained in paragraph 80 of the Complaint, and on that basis denies such

17  allegations.

18      81.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

19  truth of the allegations contained in paragraph 81 of the Complaint, and on that basis denies such

20  allegations.

21      82.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

22  truth of the allegations that Asma Ahmad advertised a fund raising banquet on their behalf, as is

23  contained in paragraph 82 of the Complaint, and on that basis deny such allegations.  They admit

24  that they hosted Siraj Wahhaj and other guests such as state legislative representatives at their

25  2002 event titled "A United and Secure America:  With Liberty and Justice for all."  They lack

26  knowledge or information sufficient to form a belief as to the truth of the allegations that Siraj

27  Wahhaj is a "suspected co-conspirator of the 1993 World Trade Center bombing", as is contained

28

DAVIS WRIGHT TREMAINE LLP

1 | in paragraph 82 of the Complaint, and on that basis deny such allegations. Siraj Wahhaj has never

2 | been charged with a single crime related to the 1993 World Trade Center bombing.

3 |      83.    CAIR-SFBA denies that any CAIR chapter is involved with terror ideology and

4 | terror organizations. They deny that they made a "donation" to CAIR-Texas in 2004. CAIR-

5 | SFBA denies that they made a donation to Café Intifada in 2004. In 2004, CAIR-LA made a

6 | donation to Café Intifada, a Jewish organization that encourages artistic self-expression. In 2004,

7 | CAIR- LA also made donations to the Martin Luther King Celebration and the Council on Asian-

8 | Pacific Islanders. CAIR-SFBA denies that they invested in North American Islamic Trust.

9 | Payments made on CAIR-California's 2004 tax filings were for the purposes of repaying a loan to

10 | this bank-- prior to the Holy Land Foundation litigation. They lack knowledge or information

11 | sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83 of

12 | the Complaint, and on that basis denies such allegations.

13 |      84.    CAIR-SFBA denies the allegations contained in the first sentence of paragraph 84

14 | of the Complaint. CAIR-SFBA admits the remaining allegations contained in paragraph 84 of the

15 | Complaint.

16 | <u>CAIR LEADERSHIP'S RELATIONS WITH TERRORIST AND THEIR SUPPORT</u>
<u>NETWORK</u>

18 |      85.    CAIR-SFBA denies that Imam Siraj Wahhaj is one of their founding members.

19 | Thus, this allegation has no relevance to CAIR generally or any CAIR chapter specifically.

20 | CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the truth of the

21 | allegations contained in paragraph 85 of the Complaint, and on that basis denies such allegations.

22 |      86.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

23 | truth of the allegations contained in paragraph 86 of the Complaint, and on that basis denies such

24 | allegations.

25 |      87.    CAIR-SFBA denies that they "claim" to be a civil rights organization but admit

26 | that CAIR-LA objected to an offensive billboard in the Los Angeles that reinforced negative

27 | stereotypes of Muslims. CAIR-LA opined that by placing a stereotypical picture of a Muslim with

28 | a beard and a turban that was not identified as Osama bin Laden to the public, the billboard

DAVIS WRIGHT TREMAINE LLP

14

1   implied that all men who look like him are like him, sworn enemies. CAIR-LA called on Los

2   Angeles-based KCOP Television, Inc., Channel 13, to remove the billboards.

3        88.    CAIR-SFBA denies the allegations in paragraph 88 of the Complaint.  No CAIR

4   chapter ever denied bin Laden's responsibility of the embassy bombings.  They deny that Mr.

5   Hooper made the statements quoted.  When he stated that there was a "misunderstandings of both

6   sides" he was speaking about a matter completely unrelated to the Al Qaeda embassy bombings or

7   Osama bin Laden, but instead was speaking about the relationship between the West and the

8   Muslim world.

9        89.    CAIR-SFBA denies the allegations in paragraph 89 of the Complaint.  See

10   paragraph 69 of the Answer, above.

11        90.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

12   truth of the allegations contained in paragraph 90 of the Complaint, and on that basis denies such

13   allegations.

14        91.    CAIR-SFBA denies the allegations in paragraph 91 of the Complaint. CAIR-SFBA

15   denies that CAIR exploited 9/11.  CAIR-National had a picture of the World Trade Center on its

16   website and asked readers to donate to help the survivors of the disaster.  They offered a link to

17   websites for Muslim and non-Muslim organizations collecting donations for 9/11 survivors,

18   including the Holy Land Foundation's website.  CAIR-SFBA denies that this was exploiting 9/11

19   as virtually all Americans joined in the spirit of patriotism and public service after the tragedy.

20        92.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

21   truth of the allegations contained in paragraph 92 of the Complaint, and on that basis denies such

22   allegations.

23        93.    CAIR-SFBA denies the allegations in paragraph 93 of the Complaint.

24        94.    CAIR-SFBA admits the allegations in paragraph 94 of the Complaint, as the

25   unilateral and unconstitutional depravation of property without due process was performed by the

26   United States government without providing the Holy Land Foundation any opportunity to

27   examine the evidence used to reach this determination or to challenge the determination before

28   any court of law.

DAVIS WRIGHT TREMAINE LLP

1      95.    CAIR-SFBA admits that their director spoke at a rally on that date, in that location,

2 from a podium adjacent to many different flags.  He was unaware of the presence of the Hezbollah

3 flag.

4      96.    CAIR-SFBA admits Hussam Ayloush termed the case of Wagdy Ghoneim "the

5 selective application of laws on Muslims" and that CAIR never publicly criticized any statements

6 may by Ghoneim because to CAIR's knowledge, information and belief, Wagdy Ghoneim did not

7 make any radical, violent, or hateful statements.  CAIR's concern with the case was limited to the

8 civil rights and immigration implications, not the political.

9      97.    CAIR-SFBA denies that they have a spokesperson named "Gary" Douglas Hooper

10 and thus deny statements made by this unknown person.  To CAIR-SFBA's knowledge, Mr.

11 Qaradawi has not incited anyone to violence.

12     98.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

13 truth of the allegations contained in paragraph 98 of the Complaint, and on that basis denies such

14 allegations.

15     99.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

16 truth of the allegations contained in paragraph 99 of the Complaint, and on that basis denies such

17 allegations.

18 <u>PHILADELPHIA MEETING OF HAMAS</u>

19     100.    CAIR--SFBA lacks knowledge or information sufficient to form a belief as to the

20 truth of the allegations contained in paragraph 100 of the Complaint, and on that basis denies such

21 allegations.  CAIR had not been founded at the time of the alleged events.  Any actions taken by

22 Ghassan Elashi were outside the scope and chronology of his association with one of CAIR's

23 chapters.

24     101.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

25 truth of the allegations contained in paragraph 101 of the Complaint, and on that basis denies such

26 allegations.

27

28

DAVIS WRIGHT TREMAINE LLP

Case No. CV07-06076 SI

<u>AMENDED</u> ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

SFO 402239v1 0085997-000001

1    <center>INTERNATIONAL FUNDING</center>

2    102.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

3    truth of the allegations contained in paragraph 102 of the Complaint, and on that basis denies such

4    allegations.

5    <center>MORE TIES TO TERRORISM</center>

6    103.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

7    truth of the allegations contained in paragraph 103 of the Complaint, and on that basis denies such

8    allegations.  To their knowledge, Siraj Wahhaj has never been charged with a crime arising from

9    the World Trade Center bombing.

10    104.    CAIR-SFBA denies the allegations contained in paragraph 104 of the complaint.

11    105.    CAIR-SFBA denies the allegations contained in paragraph 105 of the complaint.

12    106.    CAIR-SFBA admits that Omar Ahmad is chairman emeritus of CAIR-National and

13    admits that the government levied the remaining unfounded allegations contained in paragraph

14    106 of the Complaint against them.  CAIR-National has filed an amicus brief in the named case to

15    challenge the designation.

16    107.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

17    truth of the allegations contained in paragraph 107 of the Complaint, and on that basis denies such

18    allegations.

19    108.    CAIR-SFBA denies the allegations contained paragraph 108 of the Complaint.  No

20    CAIR chapter has ever attacked Rudy Giuliani.  In 2007, CAIR-National called on its constituents

21    to contact the Giuliani campaign and express their concern after Giuliani openly expressed

22    disappointment that Democratic presidential candidates were not linking the word "Islamic" when

23    they referred to "terrorists" during presidential debates.

24    109.    CAIR-SFBA denies the allegations contained in paragraph 109 of the Complaint.

25    CAIR-National called on Rudy Giuliani to drop Daniel Pipes as a campaign advisor because Pipes

26    has a long history of hostility to the American Muslim community and to the protection of civil

27    liberties.  In 2004, Pipes said he supported the widely-repudiated internment of Japanese-

28    Americans in World War II. He supports racial and religious profiling of Muslims and Arabs.

<center>17</center>

DAVIS WRIGHT TREMAINE LLP

110.   CAIR-SFBA denies the allegations in paragraph 110 of the Complaint.

<u>JURY TRAIL DEMANDED</u>

111.   CAIR-SFBA also seeks a jury trial in this matter as to each and every cause of action.

<u>DAMAGES AS TO THE FIRST & SECOND CAUSES OF ACTION</u>

112.   CAIR-SFBA denies that the Plaintiff has or can prove any actual, general or specials damages even if he were able to prove each cause of action. They deny that the Plaintiff is entitled for damages for the First Cause of Action for Copyright Infringement. They deny that the Plaintiff is entitled to damages as to the Second Cause of Action. They deny that the Plaintiff is entitled to costs or attorney's fees.

113.   CAIR-SFBA denies that the Plaintiff is entitled to receive statutory damages under 17 U.S.C. §504.

114.   CAIR-SFBA denies the allegations in paragraph 114 of the Complaint.

115.   CAIR-SFBA denies that the Plaintiff is entitled to injunctive relief or other remedies permitted by law.

<u>SECOND CAUSE OF ACTION</u>
<u>RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT</u>

116.   Paragraph 116 requires no response from CAIR-SFBA.

<u>JURISDICTION AND VENUE</u>

117.   CAIR-SFBA admits that the Complaint purports to allege violations arising from federal law but deny that they violated any statute. They admit that the United States District Court-Northern District of California has subject matter jurisdiction and personal jurisdiction over them and this cause of action.

<u>RICO CONSPIRACY DESCRIBED</u>

118.   CAIR-SFBA denies the allegations contained in the first two sentences of paragraph 118 of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 118 of the Complaint, and on that basis denies such allegations.

DAVIS WRIGHT TREMAINE LLP

18

1    119.    CAIR-SFBA denies the allegations in paragraph 119 of the Complaint.

2    120.    CAIR-SFBA denies the allegations in paragraph 120 of the Complaint.

3    121.    CAIR-SFBA denies the allegations in paragraph 121 of the Complaint.

4    122.    CAIR-SFBA denies the allegations in paragraph 122 of the Complaint.

5    123.    CAIR-SFBA admits to being named as a Defendant, along with over one hundred

6 and fifty other Defendants in the case of O'Neill, et al. v. Al Baraka, et al. for alleged RICO

7 violations, but deny that the case is in any way related to the case at bar. That case involves

8 utterly false and fanciful allegations that CAIR was involved in the terrorist attacks that occurred

9 in American in September 11, 2001. The facts in that case do not relate to the facts of the case at

10 bar.

11    124.    CAIR-SFBA denies the allegations in paragraph 124 of the Complaint.

12    125.    CAIR-SFBA denies the allegations in paragraph 125 of the Complaint.

13    126.    CAIR-SFBA denies the allegations in paragraph 126 of the Complaint.

14    127.    CAIR-SFBA denies the allegations in paragraph 127 of the Complaint.

15    128.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

16 truth of allegations contained in paragraph 128 of the Complaint, and on that basis denies such

17 allegations, except they deny the last sentence of paragraph 128.

18    129.    CAIR-SFBA denies the allegations in paragraph 129 of the Complaint.

19    130.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

20 truth of the allegations contained in the first sentence of paragraph 130 of the Complaint, and on

21 that basis denies such allegations. They deny the remaining allegations contained in paragraph

22 130 of the Complaint.

23    131.    CAIR-SFBA denies the allegations in paragraph 131 of the Complaint.

24    132.    CAIR-SFBA denies the allegations in paragraph 132 of the Complaint.

25    133.    CAIR-SFBA denies the allegations in paragraph 133 of the Complaint.

26    134.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

27 truth of the allegations contained in paragraph 134 of the Complaint, and on that basis denies such

28 allegations.

DAVIS WRIGHT TREMAINE LLP

1    135.    CAIR-SFBA denies the allegations in paragraph 135 of the Complaint.

2    136.    CAIR-SFBA denies the allegations in paragraph 136 of the Complaint.

3    137.    CAIR-SFBA denies the allegations in paragraph 137 of the Complaint.

4    138.    CAIR-SFBA denies the allegations in paragraph 138 of the Complaint.

5    139.    CAIR-SFBA denies the allegations in paragraph 139 of the Complaint.

6    140.    CAIR-SFBA denies the allegations in paragraph 140 of the Complaint.

7    141.    CAIR-SFBA denies the allegations in paragraph 141 of the Complaint.

8    142.    CAIR-SFBA denies the allegations in paragraph 142 of the Complaint.

9    143.    CAIR-SFBA denies the allegations in paragraph 143 of the Complaint.

10    144.    CAIR-SFBA denies the allegations in the first sentence of paragraph 144 of the

11    Complaint.  They lack knowledge or information sufficient to form a belief as to the truth of the

12    allegations contained in the second sentence of paragraph 144 of the Complaint, and on that basis

13    denies such allegations.  They deny the remaining allegations in paragraph 144.

14    145.    Paragraph 145 is unintelligible and on that basis, CAIR-SFBA denies the

15    allegations in paragraph 145 of the Complaint.

16    146.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

17    truth of the allegations contained in paragraph 146 of the Complaint, and on that basis denies such

18    allegations.

19    147.    CAIR-SFBA denies that they have a founder by the name of Omar Ihmad and

20    denies that they were "founded" by donations from any of the three named groups. They lack

21    knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

22    paragraph 147 of the Complaint, and on that basis denies such allegations.

23    <u>ADDITIONAL INDIVIDUALS/ENTITIES INVOLVED WITH CAIR, CRIME & TERROR</u>

24    148.    CAIR-SFBA denies the allegations in paragraph 148 of the Complaint.

25    149.    CAIR-SFBA admits the allegations contained in the first sentence of paragraph

26    149.  They lack knowledge or information sufficient to form a belief as to the truth of the

27    allegations contained in the second sentence of paragraph 149 of the Complaint, and on that basis

28    denies such allegations.  They deny the last sentence of paragraph 149.

DAVIS WRIGHT TREMAINE LLP

1     150.   CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

2     truth of the allegations contained in paragraph 150 of the Complaint, and on that basis denies such

3     allegations.

4     151.   CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

5     truth of the allegations contained in the paragraph 151 of the Complaint, and on that basis denies

6     such allegations.

7     152.   CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

8     truth of the remaining allegations contained in paragraph 152 of the Complaint, and on that basis

9     denies such allegations.

10    152.   (sic). CAIR-SFBA denies that CAIR had an individual employed by them by the

11    name of either Bassam Khafasi or "Kahfagi." They lack knowledge or information sufficient to

12    form a belief as to the truth of the remaining allegations contained in the paragraph that is also

13    labeled as 152 of the Complaint and on that basis deny such allegations.

14    153.   CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

15    truth of the allegations contained in paragraph 153 of the Complaint, and on that basis deny such

16    allegations.

17    154.   CAIR-SFBA denies the allegations contained in the first sentence of paragraph 154

18    of the Complaint. They lack knowledge or information sufficient to form a belief as to the truth of

19    the remaining allegations contained in paragraph 154 of the Complaint, and on that basis denies

20    such allegations.

21    154.   (sic). CAIR-SFBA lacks knowledge or information sufficient to form a belief as to

22    the truth of the allegations contained in the first sentence of what is also labeled as paragraph 154

23    of the Complaint, and on that basis denies such allegations. They admit that Mohammad Nimer is

24    the director of CAIR-National's Research Center. CAIR-SFBA lacks knowledge or information

25    sufficient to form a belief as to the truth of the last two sentences of paragraph 154 of the

26    Complaint, and on that basis denies such allegations.

27    155.   CAIR-SFBA denies the allegations contained in the first sentence of paragraph 155

28    of the Complaint. They lack knowledge or information sufficient to form a belief as to the truth of

DAVIS WRIGHT TREMAINE LLP

21

1   the remaining allegations contained in paragraph 155 of the Complaint, and on that basis denies

2   such allegations.

### CAIR & ITS 9/11 FUNDS APPEAL

4        156.    CAIR-SFBA admits that CAIR-National performed the allegations contained in

5   paragraph 156 of the Complaint.  At the time of the allegations, the organizations listed were all

6   legal, legitimate entities.  CAIR-National also had links on the 9/11 webpage to non-Islamic relief

7   organizations such as the American Red Cross. Readers on the website could have chosen any one

8   of these organizations for donations.

### CAIR SUPPORTING VIOLENT EXTREMISTS

10       157.    CAIR-SFBA admits that CAIR-National performed the allegations contained in

11  paragraph 157 of the Complaint.  Sami al-Arian has since been found not guilty by a jury of all the

12  allegations contained in paragraph 157 of the Complaint.

13       158.    CAIR-SFBA admits that CAIR-National performed the allegations contained in

14  paragraph 158 of the Complaint.  A jury has since not been able to return one finding of guilt

15  against Sami al-Arian for any of the allegations contained in paragraph 158 of the Complaint.

16       159.    CAIR-SFBA denies that Fawaz Damra was convicted of the charge stated in

17  paragraph 159 of the Complaint.  They admit that CAIR-Ohio and CAIR-National performed the

18  allegations contained in paragraph 159 of the complaint as CAIR believes that all people are

19  entitled to due process free from religious or ethnic stereotyping, but CAIR does not support

20  criminal activity.

21       160.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

22  truth of the allegations contained in paragraph 160 of the Complaint, and on that basis denies such

23  allegations.

24       161.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

25  truth of the allegations contained in paragraph 161 of the Complaint, and on that basis denies such

26  allegations.

27       162.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

28  truth of the allegations contained in the first two sentences of paragraph 162 of the Complaint, and

DAVIS WRIGHT TREMAINE LLP

22

1    on that basis denies such allegations.  CAIR-SFBA denies the allegations that CAIR sponsored a

2    rally at Brooklyn College where Mr. Ghoneim appeared.  CAIR-SFBA admits that CAIR-LA's

3    director Hussam Ayloush defended Ghoneim from a civil rights perspective with the statement

4    quoted in paragraph 162 of the Complaint as CAIR has not seen any verified evidence of Mr.

5    Ghoneim supporting radical Islam or suicide bombings.

6         163.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

7    truth of the allegations contained in the first sentences of paragraph 163 of the Complaint, and on

8    that basis denies such allegations.

9         164.    CAIR-SFBA lacks knowledge or information sufficient to form a belief as to the

10   truth of the allegations contained in the first sentences of paragraph 164 of the Complaint, and on

11   that basis denies such allegations.  They deny the allegations contained in the last sentence of

12   paragraph 164 of the Complaint.

13        165.    CAIR-SFBA denies the allegations contained in paragraph 165 of the Complaint.

14        166.    CAIR-SFBA denies the allegations contained in paragraph 166 of the Complaint.

15        167.    CAIR-SFBA denies the allegations contained in paragraph 167 of the Complaint.

16        168.    CAIR-SFBA denies the allegations contained in paragraph 168 of the Complaint.

17   CAIR is a national civil rights organization that expends a large amount of effort and capital to

18   fight civil rights abuses in the United States of America.

19        169.    CAIR-SFBA denies the allegations contained in paragraph 169 of the Complaint.

20                                              DAMAGES

21        CAIR-SFBA denies that Plaintiff is entitled to any relief from them, including the relief

22   requested.  CAIR-SFBA further denies that they have infringed any copyright that Plaintiff may

23   hold and deny that they violated the RICO statute.  CAIR-SFBA lacks knowledge or information

24   sufficient to form a belief as to the truth of the remaining demands and on that basis denies that

25   Plaintiff is entitled any such relief.

26                           AFFIRMATIVE AND OTHER DEFENSES

27        1.    Plaintiff has failed to state a claim upon which relief can be granted.

28        2.    Plaintiff's claims are barred by the equitable doctrine of waiver.

DAVIS WRIGHT TREMAINE LLP

3.    Plaintiff's claims are barred by the equitable doctrine of estoppel.

4.    Plaintiff is barred from recovery because Plaintiff has sustained no damages as a result of any acts committed by Defendant.

5.    Plaintiff failed to mitigate his damages, if any, and as a consequence thereof, Plaintiff is not entitled to recover the amount of damages alleged, or any other damages.

6.    Plaintiff's damages, if any, were caused in whole or in part by the conduct of third parties, for which CAIR-SFBA bears no responsibility.

7.    Plaintiff does not hold the copyright in the materials that Plaintiff alleges CAIR-SFBA infringed.

8.    Plaintiff's claims are barred by the First Amendment to the United States Constitution and by Art. I, Sec. 2 of the Constitution of the State of California.

9.    Plaintiff's copyright claim is barred by the fair use doctrine codified in 17 U.S.C. § 107.

10.    Plaintiff lacks standing to bring a RICO claim.

11.    Plaintiff's RICO claim is barred because Plaintiff failed to adequate plead and/or allege any actual or proximate cause between any alleged acts of CAIR-SFBA's and any purported losses by Plaintiff.

12.    CAIR-SFBA reserves the right to add additional defenses as investigation and discovery continue.

WHEREFORE CAIR-SFBA prays for the following relief:

1.    Dismissing Plaintiff's Complaint with prejudice;

2.    For recovery of its attorney's fees;

3.    For cost of suit incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

///

///

///

///

DAVIS WRIGHT TREMAINE LLP

Case No. CV07-06076 SI
AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

SFO 402239v1 0085997-000001

1    <u>DEMAND FOR JURY TRIAL</u>

2        CAIR-SFBA demands a trial by jury on all issues so triable.

3    DATED this 30th day of January 2008.

4                                        Respectfully submitted,

5                                        DAVIS WRIGHT TREMAINE LLP

6                                        ELECTRONIC FRONTIER FOUNDATION

7                                        By:   */s/ Thomas R. Burke*
8                                              THOMAS R. BURKE
                                               Attorneys for Defendant Council on
9                                              American-Islamic Relations of Santa
                                               Clara, Inc.

10

DAVIS WRIGHT TREMAINE LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV07-06076 SI
<u>AMENDED</u> ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

SFO 402239v1 0085997-000001