DANIEL A. HOROWITZ (State Bar No. 92400
Attorney at Law
P. O. Box 1547
Lafayette, California 94549
Telephone:  (925) 283-1863
Facsimile:  (925) 283-3498
Email:    bdega@earthlink.net    Horowitz@WhiteCollar.US

Attorney for Plaintiff Michael Savage

Thomas R. Burke (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:        thomasburke@dwt.com

Matt Zimmerman (CA State Bar No. 212423)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:    (415) 436-9333
Facsimile:    (415) 436-9993
Email:        mattz@eff.org

Attorneys for Defendants Council on American-Islamic Relations, Inc.,
Council on American-Islamic Relations Action Network, Inc., and
Council on American-Islamic Relations of Santa Clara, Inc.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SAVAGE, | Case No. CV07-06076 SI |
| Plaintiff, | **JOINT CASE MANAGEMENT** |
| v. | **CONFERENCE STATEMENT** |
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS ACTION NETWORK, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS OF SANTA CLARA, INC., and DOES 3-100, | |
| Defendants. | |

1

DAVIS WRIGHT TREMAINE LLP

## 1. Jurisdiction and Service:

**Plaintiff:** All issues have been resolved. The named defendants have appeared by stipulation joining in the 12(b)(6)/12(c) motion of March 7, 2008.

**Defendants:** The CAIR Defendants have appeared by stipulation joining in the 12(c) motion of March 7, 2008. The CAIR Defendants argue that the plaintiff has not properly invoked this court's jurisdiction because he has not plead the registration of a copyrighted work that he alleges was infringed, a jurisdictional prerequisite to bringing a copyright infringement suit. In their brief in support of their 12(c) motion for judgment on the pleadings, the CAIR defendants offered to stipulate to an amendment to resolve this issue but plaintiff has not yet addressed this concern.

## 2. Facts:

**Plaintiff:** The Fed. Rule Civ. Proc. 12(b)(6)/12(c) motion highlights these issues. Defendants are asserting that their actions were charitable, done for legitimate civil rights purposes and protected by the First Amendment. Plaintiff asserts that defendants are conspirators and are part of a group called the Muslim Brotherhood which is the parent group of Hamas. The Muslim Brotherhood according to plaintiff is a terrorist group and CAIR's conduct in this case is part of a plan designed to further the illegal purposes of the Muslim Brotherhood and Hamas in the United States.

**Defendants:** The CAIR Defendants (collectively "CAIR" or the "CAIR Defendants") include the national organization and two separately incorporated chapters of the Council on American-Islamic Relations. The Council on American-Islamic Relations (CAIR) is a not-for-profit civil rights advocacy group that began in 1994. CAIR has 35 chapters in 20 states as well as departments including civil rights, government affairs, media relations, research, and education. Its mission is to enhance the understanding of Islam, encourage dialogue, protect civil liberties, empower American Muslims, and build coalitions that promote justice and mutual understanding.

CAIR also publishes several guides and pamphlets about a variety of subjects including

DAVIS WRIGHT TREMAINE LLP

2

"Correctional Institution's Guide to Islamic Religious Practices", "A Model for School District Religious Policy", and "Know Your Rights Pocket Guide." CAIR works to improve understanding about Islam in people of other faiths in many ways, including its "Explore the Quran" program where free copies of the Quran are provided to non-Muslims. CAIR sponsors both an ad campaigns and a public service announcement campaigns aimed at reducing anti-Muslim discrimination and stereotyping. In almost 15 years, CAIR has become the leading Muslim civil rights advocacy group and will continue to champion the rights of Muslims in America.

As set forth in CAIR's pending Motion for Judgment on the Pleadings, Plaintiff's entire action improperly targets CAIR's protected free speech in response to anti-CAIR, anti-Muslim and anti-Islam remarks broadcast by Plaintiff on his nationally-syndicated radio program. Plaintiff's Copyright claim is barred by the fair use protections of the Copyright Act and Plaintiff's RICO claim is improperly based on what Plaintiff claims are copyright infringement damages he suffered as a result of the CAIR Defendants' free speech activities.

**3. Legal Issues:**

**Plaintiff:** The Fed. Rule Civ. Proc. 12 (b)(6)/12(c) motion highlights the legal issues. It is not anticipated that there will be any significant legal issues other than these at trial.

**Defendants:** The CAIR Defendants believe that this matter should be fully resolved as a matter of law based on the issues presented in their pending Motion for Judgment on the Pleadings. In light of this pending motion, if the motion is not granted in full (or Plaintiff is given leave to amend), in light of the serious First Amendment issues raised by Plaintiff's Complaint, the CAIR Defendants respectfully request that the Court carefully limit or narrow discovery to those issues necessary to resolve this matter this lawsuit as a matter of law. To this end, the CAIR Defendants will be prepared to promptly file a motion to dismiss or, in the alternative, motion for summary judgment, if necessary, following the Court's ruling on the pending Motion for Judgment on the Pleadings.

DAVIS WRIGHT TREMAINE LLP

## 4. Motions:

**Plaintiff:**

A. Plaintiff may seek to add additional defendants once discovery commences.

B. There may be instances where plaintiff seeks discovery and/or depositions from overseas. At least two important witnesses are believed to be in Egypt and Jordan (respectively). As of May 3, 1998 there is an MLAT treaty with Egypt. In addition, there are witnesses and there is evidence to be obtained from Israel.

C. Many of the witnesses in this case and CAIR itself are unindicted co-conspirators in U.S. v. Holy Land Foundation. There will likely be issues relating to assertions of the Fifth Amendment.

**Defendants:**  In the event that the CAIR Defendants' Motion for Judgment on the Pleadings is not granted or if Plaintiff is permitted to amend anew, his twice amended Complaint, the CAIR Defendants anticipate the filing of an additional Motion to Dismiss or Motion for Summary Judgment so that the Court may fully resolve this matter before the parties engage in the irrelevant, expensive and wide-ranging discovery that Plaintiff proposes.

## 5. Amendment of Pleadings:

**Plaintiff:**  As this case is alleged as a conspiracy (at least as to the RICO), additional conspirators may be named.

**Defendants:**  The CAIR Defendants note that Plaintiff has already twice amended his Complaint, once during the pendency of the CAIR Defendants' Motion for Judgment on the Pleadings. The CAIR Defendants further note that an Answer has been filed and that any further amendments to the Complaint may only take place with leave of the Court.

///

DAVIS WRIGHT TREMAINE LLP

1    **6. Evidence Preservation:**

2

3    **Plaintiff:**  Plaintiff is preserving the recordings of his shows. This is done in the normal course of

4    his business.  Plaintiff will preserve any other documents/things as requested.

5    **Defendants:**  Consistent with the legal obligations, the CAIR Defendants are preserving records

6    relevant to the issues in this litigation.

7

8    **7. Disclosures:**

9

10    The parties, through their respective counsel of record, have agreed to make these disclosures 7

11    days after the Court holds the Case Management Conference in this matter.

12    **Plaintiff:**  Plaintiff has provided defense counsel with the names of the first 11 people that he

13    wishes to depose.  Plaintiff has also provided an outline of the document (categories) which will

14    be addressed in his first production request. (This outline is approx. 2 pps.)  Plaintiff has also

15    provided a copy of his first set of Requests for Admissions. These are 57 pages and were

16    submitted in another case involving CAIR (*CAIR v. Whitehead*).  Plaintiff has indicated that he

17    will modify these questions to eliminate those that lack relevance to the present case.  Plaintiff has

18    provided on disk:  The entire transcript of the jury trial in *United States v. Holy Land Foundation*

19    3: 04-240-G (Northern District of Texas, Dallas Division).  Plaintiff has agreed to provide on disk

20    several thousand pages of additional discovery.  Plaintiff will be providing all documentation of

21    damages, copyright registration and other relevant items, again when possible in electronic format.

22    **Defendants:**  The CAIR Defendants will make timely initial disclosures pursuant to Rule 26.

23    Based on discussions with Plaintiff's counsel, both Plaintiff and the CAIR Defendants anticipate

24    that CAIR's initial disclosures may need to be supplemented once Plaintiff has more fully

25    explained the broad nature of the allegations that he intends to pursue through this litigation.

26

27    ///

28

Case No. CV07-06076 SI
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
SFO 404396v1 0085997-000001

DAVIS WRIGHT TREMAINE LLP

**8. Discovery:**

**Plaintiff:** Item 7 above details the preparations that parties are making for discovery. Plaintiff will seek leave to take a significant number of depositions.

**Defendants:** The CAIR Defendants anticipate taking the deposition of Michael Savage and potentially his syndicator, and is considering other and additional depositions depending on whether and how this case proceeds.

**9. Class Actions:**

N/A.

**10. Related Cases:**

**Plaintiff:**

Much of plaintiff's initial RICO pleading derives from two pending cases.

*United States v. Holy Land Foundation* 3: 04-240-G (Northern District of Texas, Dallas Division)

In this case, CAIR is an unindicted co-conspirator. Some of the current officers of CAIR are also unindicted co-conspirators. This trial is set to start on August 18, 2008. The initial trial ended with a mistrial.

In addition, plaintiff alleges that the organizational structure of the Muslim Brotherhood places CAIR as a co-equal group to the International Association for Palestine and the Holy Land Foundation. (Plaintiff calls this the "Terror Trinity"). Therefore convictions against the HLF may affect the position of CAIR. In addition, Ghassen Elashi is a named defendant in that case. He is a person closely associated with CAIR. He is one of the founders of the Texas branch of CAIR. His conviction may also impact Savage v. CAIR.

DAVIS WRIGHT TREMAINE LLP

**Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., 04-CV-1923 (RCC)**

This is the case filed by survivors of the 9/11 attacks against numerous groups. CAIR is a named defendant. The docket on that case is 631 pages and the case is still in the discovery stage as to some defendants and pleading stage as to others.

**Defendants:**  The CAIR Defendants are not aware of any pending cases that are relevant to this matter.  The CAIR Defendants further note that there were no convictions obtained in the *United States v. Holy Land Foundation* matter.

**11. Relief:**

**Plaintiff:**  Plaintiff is seeking standard damages for copyright infringement as to the First Cause of Action.  This includes:

A. Profits made by CAIR via use of the material.

B. Losses to the value of the performance on resale or repackaging by Savage.

C. Attorney's fees

These are continuing losses and the totals are not yet known.

Note: Statutory damages have not been sought but are reserved. A legal issue may arise as to whether each defendant has an independent existence so that demonstrable damages can be sought against one defendant and in addition (additively), statutory damages can be sought against another defendant.

Additional damages Plaintiff may seek include:

Case No. CV07-06076 SI
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
SFO 404396v1 0085997-000001

DAVIS WRIGHT TREMAINE LLP

A. Damage to his overall product e.g. the ratings, loss of advertisers, damage to the present value and future value of "The Savage Nation" radio show.

B. Punitive and Exemplary damages.

There may be legal issues as to the availability and/or scope of these "Additional Damages".

As to the RICO claim the damages are continuing and have not yet been ascertained. They include all of the above other than the statutory damages for copyright infringement.

Plaintiff estimates present loss of advertising revenue in excess of $ 1,000,000.00.

**Defendants:** The CAIR Defendants will seek recovery of the attorneys' fees they have incurred should they prevail on their pending Motion for Judgment on the Pleadings or through subsequent disparities motions.

**12. Settlement and ADR:**

The parties have agreed to mediation with a U.S. Magistrate Judge. In an order dated March 4, 2008, the Court referred this matter to mediation before a U.S. Magistrate Judge.

**13. Consent to Magistrate Judge For All Purposes:**

The parties do not consent.

**14. Other References:**

N/A.

**15. Narrowing of Issues:**

**Plaintiff:**

8

DAVIS WRIGHT TREMAINE LLP

1  **Defendants:** As explained earlier, the CAIR Defendants respectfully request that this Court limit

2  or prohibit the taking of any discovery in this matter, unless and until Plaintiff has properly alleged

3  a viable claim. In anticipation that the legal issues in this will either be resolved or severely

4  narrowed by the Court's ruling on the pending Motion for Judgment on the Pleadings, the CAIR

5  Defendants will be prepared to promptly file a motion for summary judgment if required,

6  depending on the Court's ruling.

7

8         The CAIR Defendants believe that narrowing the scope of discovery would facilitate the

9  speedy resolution of this case. Any discovery should first be limited to the copyright infringement

10 claim.

11 **16. Expedited Schedule:**

12

13 No.

14

15 **17. Scheduling:**

16 **Plaintiff** proposes the following dates:

17

18 A. Designation of experts:                    December 5, 2008

19 B. Discovery cutoff:                          February 6, 2009

20

21 C. Hearing of dispositive motions:            March 13, 2009

22

23 D. Pretrial conference and trial:             April 6, 2009

24 **Defendants:** Should the Court not grant the CAIR Defendants' pending motion, depending on

25 how the Court resolves the many issues presented by that motion, the CAIR Defendants request

26 that the Court establish a specific discovery period that will be limited to resolving the copyright

27 issues first.

28

DAVIS WRIGHT TREMAINE LLP

9

1    **18. Trial:**

2

3    **Plaintiff:**  Jury trial demanded by plaintiff.  Plaintiff notes that *U.S. v. HLF* took 22 trial days.

4    This case is similar in scope and content. Therefore an estimate of 30 trial days is reasonable.

5    **Defendants:**  The CAIR Defendants also demand a jury trial, as appropriate in this matter.  Given

6    the discrete legal issues currently presented in Plaintiff's Amended Complaint, and in anticipation

7    that most if not all of the factual allegations made by Plaintiff in his RICO claims will not proceed

8    to trial, the CAIR Defendants currently do not anticipate the trial to exceed 3 to 5 days.

9

10   **19. Disclosure of Non-party Interested Entities or Persons:**

11

     **Plaintiff:**

12

13   Talk Radio Network
     P.O. Box 3755

14   Central Point Oregon 97502
     Syndicator of the Savage Nation

15

16   **Defendants:**  None.

17

     **20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this**

18   **matter**

19

20   N/A.

21

22   ///

23   ///

24

25   ///

26

27   ///

28   ///

Case No. CV07-06076 SI
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
SFO 404396v1 0085997-000001

DAVIS WRIGHT TREMAINE LLP

1 | DATED this 6th day of March 2008.

2

3 |                                    By:   /s/ Daniel A Horowitz
                                           DANIEL A. HOROWITZ
4 |                                        Attorney for Plaintiff

5 | DATED this 6th day of March 2008.

6

7 |                                    DAVIS WRIGHT TREMAINE LLP

8 |                                    ELECTRONIC FRONTIER FOUNDATION

9 |                                    By:   /s/ Thomas R. Burke
                                           THOMAS R. BURKE
10 |                                       Attorneys for Defendants Council on
                                          American-Islamic Relations, Inc.,
11 |                                       Council on American-Islamic Relations
                                          Action Network, Inc., and
12 |                                       Council on American-Islamic Relations of
                                          Santa Clara, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

11

Case No. CV07-06076 SI
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
SFO 404396v1 0085997-000001