DANIEL A. HOROWITZ State Bar No. 92400
Attorney at Law
P.O. Box 1547
Lafayette, California 94549
(925) 283-1863

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SAVAGE,
aka (Michael Weiner)

       Plaintiff,

vs.

Counsel on American-Islamic
Relations, Inc., et al.

       Defendants.
_____/

No. CV 07-06076 SI

**REQUEST FOR ADMINISTRATIVE RELIEF**

**Local Rule 7-11**

**REQUEST FOR ADMINISTRATIVE RELIEF**
**Local Rule 7-11**

Pursuant to Local Rule of Court 7-11, plaintiff seeks administrative relief allowing him to file a case decided March 6, 2008 (7th Circuit) in support of his opposition to defendant's Fed. Rule of Civ. Proc. 12(c) motion which now stands submitted.

The basis of this motion is that the case is relevant to an important point, it does not conflict with 9th Circuit authority, there is no 9th Circuit authority on this exact point (as the point directly relates to how Hamas operates and the effect of participating in the non-violent aspects of Hamas' split of operating divisions.

The Declaration of Daniel Horowitz attached describes how the case was located after the hearing of March 7, 2008.

An e-mail has been sent to opposing counsel seeking a stipulation. (March 8, 2008 at 7:36 pm).

**DECLARATION OF DANIEL HOROWITZ**

I, Daniel Horowitz declare as follows:

1. The hearing on defendants' motion was March 7, 2008 at 9:00 am.  I had not reviewed any newly decided cases from March 6, 2008 when I left for court that morning.

2. On March 8, 2008 I discovered that the Seventh Circuit had just decided Mohammad Azam Hussain v. Michael B. Mukasey, Attorney General of the United States, Respondent, Court of Appeals for the 7th Circuit, 2008 U.S. App. LEXIS 4798.   This case was decided March 6, 2008.  A copy of that case is attached hereto.

3. The case addresses an issue that is central to plaintiff's argument and it directly addresses Hamas.   While the case is from the 7th Circuit, it does cite *Humanitarian Law Project v. Gonzales*, 380 F. Supp. 2d 1134, 1137 (C.D. Cal 2005) and there is no reason why the factual findings and holding in Hussain that I wish to submit would not be applicable in this District.

4. In this case, Hussain acted on behalf of an Hamas based organization.  He asserted that he only participated in the non-violent actions of the group and did nothing to participate in the

REQUEST FOR ADMINISTRATIVE RELIEF
Local Rule 7-11

1

violent aspects.  The 7th Circuit held that:

> He argues futilely that nothing he did contributed to those acts; MQM-H engaged in nonviolent as well as violent activities and his work was only with the former. That is irrelevant. If you provide material support to a terrorist organization, you are engaged in terrorist activity even if your support is confined to the nonterrorist activities of the organization.
>
> Organizations that the statute, and indeed in this instance common parlance, describes as terrorist organizations, such as Hamas in Gaza and Hezbollah in Lebanon, often operate on two tracks: a violent one and a peaceful one (electioneering, charity, provision of social services). If you give money (or raise money to be given) for the teaching of arithmetic to children in an elementary school run by Hamas, you are providing material support to a terrorist organization even though you are not providing direct support to any terrorist acts. Singh-Kaur v. Ashcroft, 385 F.3d 293, 299-300 (3d Cir. 2004); Humanitarian Law Project v. Gonzales, 380 F. Supp. 2d 1134, 1137 (C.D. Cal 2005).  As the Board of Immigration Appeals pointed out in In re S-K-, 23 I.&N. Dec. 936, 944 (BIA 2006), "Especially where assistance as fungible as money is concerned, [requiring] such a link would not be in keeping with the purpose of the material support provision, as it would enable a terrorist organization to solicit funds for an ostensibly benign purpose, and then transfer other equivalent funds in its possession to promote its terrorist activities."

(Pps. 12-13)

5. I respectfully submit that this case is relevant to the decision in this matter and that there is no prejudice to opposing counsel in submitting this case.  I further point out that if the a decision were rendered prior to the court reviewing this case, (and if it were against plaintiff), I would ask that the court reconsider based upon this new case.

6. Further, if the court has decided but not yet filed the court has the power to reconsider

**REQUEST FOR ADMINISTRATIVE RELIEF**
Local Rule 7-11

1 | any decision.  I am therefore filing this electronically over the weekend in the hopes that this
2 | case can be considered before a decision is rendered.
3 |     7.  On March 8, 2008 at 8:34 pm, I contacted opposing counsel by e-mail with the case
4 | cite, the above quoted paragraphs and a request that he stipulate to have the court consider this
5 | paragraph.  I cited the relevant section in the e-mail and cited the case as well.  He has not
6 | responded as of 9:00 pm on March 9, 2008.  In order to have this request reach the court prior to
7 | the filing of any decision, I am filing this request Monday morning.
8 |     8. Exhibit A is a true and correct copy of the case is attached so that all parties receiving
9 | electronic notice will have the case via email in case they are not near a computer when they
10 | receive this document (e.g. they receive it on an I-phone, Blackberry etc.)

12 | I declare the above to be true and correct under penalty of perjury.  Executed this 10th day
13 | of March, 2008 at Lafayette, California.

_____
Daniel Horowitz
Attorney for Plaintiff

**REQUEST FOR ADMINISTRATIVE RELIEF**
Local Rule 7-11

3