THOMAS R. BURKE (CA State Bar No. 141930)
JEFF GLASSER (CA State Bar No. 252596)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com
Email: jeffglasser@dwt.com

Matt Zimmerman (CA State Bar No. 212423)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: mattz@eff.org

Attorneys for Defendant Council on American-Islamic
Relations, Inc., Council on American-Islamic Relations Action Network, Inc.,
and Council on American-Islamic Relations of Santa Clara, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAVAGE,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS ACTION NETWORK, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS OF SANTA CLARA, INC., and DOES 3-100,<br><br>    Defendants. | Case No. CV07-06076 SI<br><br>***EX PARTE* APPLICATION OF DEFENDANTS FOR RELIEF FROM ADR PROCEDURES WHILE DEFENDANTS' 12(C) MOTION IS PENDING WITH THE COURT; SUPPORTING DECLARATION OF THOMAS R. BURKE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Honorable Susan Illston |

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at a time to be scheduled by this Court, located in Courtroom 10, 19th floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Council on American-Islamic Relations, Inc., Council on American-Islamic Relations Action Network, Inc., and Council on American-Islamic Relations of Santa Clara, Inc. (collectively referred to herein as "CAIR"), will and hereby do move the above-titled Court for an order continuing the Court's required Alternative Dispute Resolution ("ADR") procedures until the Court issues its anticipated written decision on Defendants' motion for judgment on the pleadings made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Good cause exists for this motion, namely that the Court tentatively indicated on March 7, 2007 that it will dismiss the claims brought by Plaintiff but may allow Plaintiff to amend his twice-amended Complaint. Given the Court's tentative ruling, there is currently no operative complaint for the parties to address through the Court's ADR process. Under these circumstances, requiring the parties to proceed through the ADR process would be futile and a waste of private and judicial resources.

Defendant has given Plaintiff notice of this *ex parte* application. As described in the declaration of Thomas R. Burke filed concurrently herewith, Plaintiff's counsel, Daniel Horowitz, on March 27, declined to stipulate to continue the ADR process until the Court had ruled on CAIR's Rule 12(c) motion. On May 22, Mr. Burke again asked Mr. Horowitz to enter into this stipulation and explained that he declined to so stipulation, this motion would be filed. On behalf of his client, Mr. Horowitz again declined to so stipulate.

EX PARTE APPLICATION FOR STAY OF ADR PROCEDURES
DWT 11172274v1 0085997-000001

This motion is based on this Notice, the attached Memorandum of Points and Authorities, and Declaration of Thomas R. Burke, all pleadings and records on file herein, and on such other and further evidence as the court may require to decide the motion.

DATED:  May 28, 2008

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
JEFF GLASSER

By: */s/ Thomas R. Burke*
        Thomas R. Burke

Attorneys for Defendants
COUNCIL ON AMERICAN ISLAMIC RELATIONS, INC. et. al

## MEMORANDUM OF POINTS AND AUTHORITIES

CAIR moves *ex parte* to respectfully request that this Court vacate its March 4, 2008 order referring this matter to a mediator (e-filed as Document 26) and excuse the parties from having to participate in any Alternative Dispute Resolution ("ADR") processes pending the Court's issuance of its written order on CAIR's Motion for Judgment on the Pleadings. The Court heard argument on CAIR's dispositive motion on March 7, 2008, but has yet to issue a written decision. Further, in the event that the Court allows Plaintiff to amend his twice amended complaint, CAIR respectfully requests that the Court order the parties to participate in a settlement conference before a Magistrate Judge rather than mediate before a private mediator.

Good cause exists for the continuance of ADR processes while the Motion for Judgment on the Pleadings is pending. During argument on March 7, the Court indicated that its tentative ruling was to dismiss Plaintiff's complaint but to allow Plaintiff to amend his complaint. (Declaration of Thomas R. Burke ("Burke Decl.") , ¶ 3) Consequently, there is currently no operative complaint. Under these circumstances, proceeding with the ADR process would be both futile and a waste of private and judicial resources.

On two separate occasions, March 27 and May 22, 2008, counsel for CAIR contacted Plaintiff's counsel, Daniel Horowitz, in an attempt to reach a stipulation that the ADR processes be continued until the Court ruled on CAIR's pending Motion for Judgment on the Pleadings. On both occasions, Mr. Horowitz declined to agree to this stipulation. (Burke Decl., ¶ 4)

In light of the foregoing, CAIR respectfully requests that the Court issue an order continuing the ADR process until the Court has issued its ruling on the Judgment on the Pleadings. In the event that the Court allows Plaintiff to amend his twice-amended Complaint, CAIR also respectfully requests that the Court order the parties to participate in a settlement conference before a Magistrate Judge rather than complete a mediation with a private mediator. In previous discussions with Mr.

1  Horowitz, I understand that Plaintiff too, prefers this ADR process.  (Burke Decl., ¶
2  5)

3  DATED: May 28, 2008                    DAVIS WRIGHT TREMAINE LLP
                                          THOMAS R. BURKE
4                                         JEFF GLASSER
5
6                                         By: */s/ Thomas R. Burke*
7                                                  Thomas R. Burke

8                                         Attorneys for Council for American
                                          Islamic Relations, Inc. et. al.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    5
EX PARTE APPLICATION FOR STAY OF ADR PROCEDURES
DWT 11172274v1 0085997-000001

## **DECLARATION OF THOMAS R. BURKE**

I, Thomas R. Burke, declare and state as follows:

1. I am an attorney duly licensed to practice law before all state and federal courts in the State of California. I am a partner with Davis Wright Tremaine LLP, and lead counsel of record for Defendants Council on American Islamic Relations, Inc, Council on American Islamic Relations Action Network, Inc. and Council on American Islamic Relations of Santa Clara, Inc. in this action. I have personal knowledge of the facts stated herein and if sworn as a witness, could and would so testify to them.

2. The name, address, and telephone number of the attorney for Plaintiff Michael Savage, as known to me, is Daniel Horowitz, P.O. Box 1547, Lafayette, CA 94549, (925) 932-4107.

3. On March 7, 2008, this Court heard argument on CAIR's Motion for Judgment on the Pleadings. During the hearing, the Court indicated that it was tentatively inclined to dismiss Plaintiff's claims, but allow Plaintiff to amend his Complaint. The Court has not yet issued its written decision.

4. Before this motion was filed, I attempted in good faith to resolve this matter by entering into a stipulation with Mr. Horowitz, counsel for Plaintiff Michael Savage. The stipulation (and proposed order) would allow the parties to put off their participation in the Court's ADR process until the Court issued its written decision. On two separate occasions, on March 27 and May 22, 2008, Mr. Horowitz confirmed that his client would not agree to this stipulation. On May 22, in a voicemail message I left with Mr. Horowitz, I informed him that absent his client's stipulation, this motion would be filed.

5. In earlier discussions with Mr. Horowitz regarding the appropriate ADR process for this case, Mr. Horowitz agreed with me that of all the ADR processes

available through this Court, a settlement conference with a Magistrate Judge would be the preferred process for this particular case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 28th, 2008, at San Francisco, California.

                              **/s/  Thomas R. Burke**
                              Thomas R. Burke

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.