Thomas R. Burke (CA State Bar No. 141930)
Jeff Glasser (CA State Bar No. 252596)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:      (415) 276-6500
Facsimile:       (415) 276-6599
Email:           thomasburke@dwt.com
                     jeffglasser@dwt.com

Matt Zimmerman (CA State Bar No. 212423)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:      (415) 436-9333
Facsimile:       (415) 436-9993
Email:           mattz@eff.org

Attorneys for Defendants Council on American-Islamic Relations, Inc.,
Council on American-Islamic Relations Action Network, Inc.,
and Council on American-Islamic Relations of Santa Clara, Inc.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SAVAGE, | Case No. CV07-06076 SI |
| Plaintiff, | **DECLARATION OF THOMAS R. BURKE IN SUPPORT OF CAIR's MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS ACTION NETWORK, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS OF SANTA CLARA, INC., and DOES 3-100, | Date:   October 3, 2008<br>Time:   9:00 a.m.<br>Honorable Susan Illston |
| Defendants. | Assigned to the Honorable Susan Illston |

I, Thomas R. Burke, declare as follows:

1

1.    I am an attorney and a partner with Davis Wright Tremaine LLP, and lead counsel for Defendants Council on American-Islamic Relations, Inc., Council on American-Islamic Relations Action Network, Inc., and Council on American-Islamic Relations of Santa Clara, Inc., collectively (collectively "CAIR") in this action.   I make these statements of my personal knowledge and could competently testify to them if called as a witness.

2.    After being retained by CAIR in December of 2007, my firm immediately began to assist CAIR in evaluating Plaintiff's Complaint and researching the available legal defenses. As reflected in the contemporaneous time entries that were recorded for this matter, attached hereto as Exhibit A, we analyzed Plaintiff's Complaint (and later Amended Complaints) with the singular goal of directing all our work toward preparing a motion that would ensure a summary dismissal of this action. In addition, our firm met with representatives of the clients, worked with Nadhira Al-Khalili, CAIR's national legal counsel (located in Washington, D.C.), to prepare a detailed Answer to Plaintiff's Amended Complaint to accompany the Motion for Judgment on the Pleadings, and to coordinate discrete tasks to be performed by CAIR employees and volunteers to cost-effectively assist in the defense of this action.

3.    I am lead counsel for CAIR in this action and have overall responsibility for CAIR's defense. My responsibilities included overall defense strategy, supervision of legal research, communications with the clients and Ms. Al-Khalili, editing of the Motion and supporting declarations, and arguing the Motion before the Court. In connection with this fees motion, I reviewed and prepared my firm's billing entries, coordinated strategy with our co-counsel (who took the lead), prepared this declaration and helped to edit the Motion. To date, the total hours billed by DWT personnel on this matter is 334.40 representing $113,570.60 in total fees. Costs incurred by DWT on behalf of CAIR total $890 including $75.00 in filing fees (to file a CD of the audio excepts in dispute), and $815 in disbursements for online legal research (billed at cost) and hand-deliveries to the Court (required by the local rules). This fees request is based upon recorded daily time entries for services actually performed in connection with this matter, multiplied by my firm's standard rates at the times that the services were performed. I personally reviewed these entries individually and collectively. In several instances, the entries reflect time that was reduced

1  from what was actually incurred.  Moreover, given the amorphous and "polemic" nature of

2  Plaintiff's Complaint, much of counsel's time was devoted generally to the defense of the litigation

3  as a whole, making it difficult to divide the hours expended on an individual claim-by-claim basis.

4       4.    I was fortunate to also rely on several individuals within my firm to assist me.

5  Working under my supervision, Jeff Glasser performed the bulk of the legal research regarding the

6  RICO and First Amendment issues, conducting discrete research on fair use doctrine case law in

7  the Ninth Circuit and to draft the Motion for Judgment on the Pleadings.  Mr. Glasser is an

8  associate in the firm's Los Angeles office.  He obtained his J.D. in 2007 from Boalt Hall and his

9  Bachelor's degree from Yale University in 1996.  Before law school, Mr. Glasser was a Senior

10  Editor and Midwest Bureau Chief for *U.S. News & World Report* and also a researcher and

11  collaborator with Bob Woodward for his best-selling book, "Shadow:  Five Presidents & The

12  Legacy of Watergate."  Mr. Glasser's biography is attached as Exhibit B.  I also consulted with Eric

13  Stahl regarding key copyright issues in this case.  Mr. Stahl is a partner in the firm's Seattle office

14  who regularly advises clients throughout the country on copyright issues.  Mr. Stahl has litigated

15  intellectual property disputes nationwide, including before federal trial courts, the Ninth Circuit,

16  and the U.S. Supreme Court.  He received his J.D. from the University of Washington School of

17  Law in 1997, where he graduated first in his class and served as Executive Articles Editor of the

18  *Washington Law Review*.  Mr. Stahl's biography is attached as Exhibit C.  I also briefly consulted

19  with my partner Bruce Johnson ($445 per hour) (A.B., Harvard University (1972), B.A. Cambridge

20  University (1974), J.D. Yale University (1977), M.A. Cambridge University (1978)) on a

21  procedural question, and had assistance from Allan Patterson, an experienced paralegal based in

22  San Francisco ($200.00 per hour) and our librarian in San Francisco, Jason Callan ($165 per hour),

23  who helped to compile exhibits and information for the filings and hearing.

24       5.    I earned my Bachelor's degree, *magna cum laude*, from Arizona State University in

25  1984 and attended the University of San Francisco School of Law where I graduated, *magna cum*

26  *laude*, in 1989.  While in law school, I was an extern law clerk for the Honorable U.S. District

27  Court Judge Marilyn Hall Patel of the Northern District of California.  Since being admitted to the

28  California Bar in 1989, I have been in private practice in the Bay Area with a concentration on First

3

1  Amendment and media law matters.  I regularly represent media clients including *The San*

2  *Francisco Examiner*, *The New York Times*, *The Bakersfield Californian*, McClatchy Company, *The*

3  *San Francisco Bay Guardian*, *The Sacramento News & Review*, CNN, CBS, NBC and others.

4  Since 2002, I am also a Lecturer at the Graduate School of Journalism, University of California,

5  Berkeley.  I am listed in *Chambers USA: America's Leading Lawyers* for Media and Entertainment

6  Matters and named as one of the *Best Lawyers in America* in First Amendment Law by

7  Woodward/White, 2006.  A copy of my biography is attached as Exhibit D.

8        6.     My regular hourly rate in 2007 is $450 per hour.  Effective January 1, 2008, my rate

9  increased to $475 per hour.  However, I agreed to continue to bill my 2007 hourly rate due to the

10  financial constraints imposed on CAIR by this litigation.  Mr. Glasser and Mr. Stahl's billing rates

11  are $240 and $360 respectively; their rates have remained the same for the duration of this matter.  I

12  am a former member of my firm's Executive Committee and am a current member of the

13  committee of the firm that reviews all associate and contract attorneys of the firm.  In this capacity,

14  I am personally familiar with information concerning the billing rates charged by attorneys in the

15  San Francisco Bay Area.  I have carefully reviewed both the work performed and the hourly billing

16  rates charged by the defense attorneys representing CAIR in this litigation and believe the hourly

17  rates being sought are comparable to, if not less than, the hourly rates charged by other attorneys in

18  the San Francisco Bay Area with similar practices and expertise in these kinds of matters.   Courts

19  have found DWT's rates to be reasonable in several recent cases.  For example, in *Taus v. Loftus*,

20  40 Cal.4th 683 (2007), in connection with an anti-SLAPP Motion and subsequent appeals, on

21  remand, a portion of clients DWT represented were awarded $240,000 in fees and costs (using rates

22  set by an insurer over a multiple-year period); in *Simpson Strong-Tie v. Gore*, Santa Clara County

23  Superior Court, Case No. 106CV-057666; (S164174) (Petition for Review granted by the

24  California Supreme Court on July 30, 2008 to address two non-fees related issues), in connection

25  with another anti-SLAPP Motion, DWT's client was awarded $74,124.50 in fees and costs (using

26  2006 rates).

27        7.     In addition to my law firm, CAIR was also represented by the Electronic Frontier

28  Foundation ("EFF"), who agreed to perform its legal services on a *pro bono* basis.  From the

4

1  beginning and continuing through this motion, working with EFF Senior Counsel Matthew

2  Zimmerman, we were able to avoid duplication by assignment of specific tasks.  For example, our

3  firm undertook to analyze the entire action, to review Plaintiff's extensive legal and factual

4  allegations, to work with CAIR to prepare its detailed Answer, and to research and draft CAIR's

5  RICO and First Amendment arguments.  Mr. Zimmerman focused his attention on researching and

6  drafting the fair use arguments, which were supplemented by selected copyright research and

7  discrete drafting and editing performed by my firm.  In connection with this fees motion, Mr.

8  Zimmerman drafted the motion while our firm compiled its billing information and helped with

9  strategic questions and editing.  Throughout this lawsuit, tasks were not duplicated between Davis

10  Wright Tremaine LLP and EFF and the division of work proved to be both economical and

11  effective in light of the decision rendered by this Court.

12         8.      Attached as Exhibit E to this Declaration is an email that I received from Plaintiff's

13  counsel, Daniel Horowitz on February 28, 2008, outlining the extensive discovery plan Mr.

14  Horowitz proposed for this case.

15       I declare under penalty of perjury under the laws of the United States that the foregoing is

16  true and correct.  Executed in San Francisco, California, on August 29, 2008.

17

18  /s/ Thomas R. Burke
    Thomas R. Burke

19

20

21

22

23

24

25

26

27

28

BURKE DECLARATION ISO OF MOTION FOR ATTORNEYS' FEES
DWT 9404617v2 0085997-000001