# EXHIBIT 3

# NationsBank

WIRE TRANSFER ADVICE

PAGE: 1

NATIONSBANK, N.A.
WIRE TRANSFER DEPT MDG-301-14-30
BALTIMORE, MD 21203-0987

ACCOUNT: 2543053618
DATE: 10/31/95

DIRECT INQUIRIES TO:
(800) 983-MERE

C&IK
1511 K ST NW STE 802
WASHINGTON                              20005-1401

THE FOLLOWING WIRE HAS CREDITED TODAY:       AMOUNT:              $5,005.00

SEQUENCE NUMBER/TIME:      941031511370C0
FED REFERENCE NUMBER:      941031001492035624

SENDER:                                        BANK ONE TEXAS N A DALLAS
ORIGINATOR:                                    FOLKLAND FOUNDATION
ORIGINATING BANK:                              BANK ONE TEXAS
BENEFICIARY:               292006341%         C&IK

DETAILS OF PAYMENT:        SEQ-941031DU1492

# EXHIBIT 4

# Law Office of Daniel A. Horowitz

P.O. Box 1547
Lafayette, California 94549

(925) 932-4107

*E-Mail: Horowitz@WhiteCollar.US*

*FAX: 925-283-3498*

*Sent by Facsimile 202.488.0833*
*and United States Mail*

November 28, 2007

Council on American-Islamic Relations
453 New Jersey Avenue, S.E.
Washington, D.C. 20003

Attn: Mr. Ibrahim Hooper

Re: The Michael Savage Show - 10/29/07 Broadcast

Dear CAIR:

I am writing this letter on behalf of Michael Savage / Michael Weiner (Hereinafter referred to as Michael Savage).

As you are well aware, The Original Talk Radio Network, Inc. ("TRN") and Michael Savage personally own all present and future rights to The Michael Savage Show (the "Show"). Their ownership of all intellectual property rights to the Show, include but are not limited to the exclusive right to license any publication and/or rebroadcast of the Show and these rights as owned between them continues so long as copyright and related protections exist. This applies to any individual programs or segments thereof. These rights include the right to sell the programming, resell the programming or to use the programming for fund raising purposes.

As you are also well aware, the Council on American-Islamic Relations ("CAIR") has posted in excess of four minutes of the October 29, 2007 broadcast of the Show, which was first transmitted between approximately 3:20 and 3:30 p.m., Pacific Time, on October 29, 2007 to duly authorized licensees (the "October 29th Segment") on CAIR's website, and is using the October 29th Segment for CAIR's own purposes, without any license or other legal entitlements to use, broadcast or otherwise republish any portion of the Show.

By this letter, Michael Savage is formally: (i) notifying CAIR that its actions in this regard are in violation of TRN's exclusive rights with respect to both the Show and the October 29th Segment; (ii) advising CAIR of TRN's intention to register its Copyright with respect to the October 29th, 2007 broadcast of the Show; and (iii) demanding that CAIR immediately remove the October 29th Segment from its website, and cease and desist all further publications, broadcasts, and/or reproductions of the October 29th Segment, immediately.

Please be advised that Michael Savage reserves all of its rights with respect to the wrongful conduct of CAIR to date with respect to the October 29th Segment and the associated actions of CAIR and its representatives with respect thereto. Please also be advised that Michael Savage does not, by this letter, disclaim, release or speak for the separate rights of the host of the Show and/or his recourse with respect to the actions and conduct of CAIR and its representatives with respect to the host.

## COPYRIGHT NOTICE

By this letter we further give you notice of our intention to secure his Copyright with respect to the October 29th, 2007 broadcast of the Show in order to secure the full panoply of copyright protections available under law; (ii) serving formal notice on CAIR that its actions with respect to the October 29th Segment are in violation of TRN and Michael Savage's exclusive rights with respect to both the Show and the October 29th Segment; and (iii) demanding that CAIR immediately remove the October 29th Segment from its website, and cease and desist all further publications, broadcasts, and/or reproductions of the October 29th Segment, immediately.

Respectfully,

Daniel Horowitz

Message Confirmation Report

NOV-28-2007 07:24 AM WED

Fax Number    :   9252833498
Name          :   HOROWITZ LAW

| | | |
|---|---|---|
| Name/Number | : | 12024880833 |
| Page | : | 2 |
| Start Time | : | NOV-28-2007 07:24AM WED |
| Elapsed Time | : | 00′24″ |
| Mode | : | STD ECM |
| Results | : | [O.K] |

### Law Office of Daniel A. Horowitz

P.O. Box 1547
Lafayette, California 94549

(925) 932-4107

FAX: 925-283-3498                    E-Mail: Horowitz@WhiteCollar.US

*Sent by Facsimile 202.488.0833*
*and United States Mail*

November 28, 2007

Council on American-Islamic Relations
453 New Jersey Avenue, S.E.
Washington, D.C. 20003

Attn: Mr. Ibrahim Hooper

Re: The Michael Savage Show - 10/29/07 Broadcast

Dear CAIR:

I am writing this letter on behalf of Michael Savage / Michael Weiner (Hereinafter referred to as Michael Savage).

As you are well aware, The Original Talk Radio Network, Inc. ("TRN") and Michael Savage personally own all present and future rights to The Michael Savage Show (the "Show"). Their ownership of all intellectual property rights to the Show, include but are not limited to the exclusive right to license any publication and/or rebroadcast of the Show and these rights as owned between them continues so long as copyright and related protections exist. This applies to any individual programs or segments thereof. These rights include the right to sell the programming, resell the programming or to use the programming for fund raising purposes.

# EXHIBIT 5

# Law Office of Daniel A. Horowitz

**P.O. Box 1547**
**Lafayette, California 94549**

(925) 932-4107

*FAX: 925-283-3498*                     *E-Mail: Horowitz@WhiteCollar.US*

December 16, 2007

Sent by Facsimile: (972) 864-5617

Hamideh Khalid
Attorney at Law
1301 NW Highway
Suite 212
Garland, Texas 75041

Re: Michael Savage v. Council on American-Islamic Relations

Dear Mr. Khalid:

I represent Michael Savage in the lawsuit filed against CAIR.

As you know, this lawsuit was served on Friday.   I am writing for several reasons.
First, if you check PACER, you will see that the case has been reassigned to Judge
Illston. Therefore the correct case number is now.

## 3:07-cv-06076-SI

In addition, Judge Illston has issued a new scheduling order.

I am attaching that scheduling order and Judge Illston's standing orders for your
convenience.

This case is an ECF case.

We need to exchange initial disclosures and meet and confer regarding scheduling and discovery.  I would like to do this as quickly as possible so that when we appear before Judge Illston we are fully prepared to resolve any issues in dispute and to create a realistic litigation/discovery schedule.

Prior to appearing court, Judge Illston will also wish us to discuss mediation and settlement possibilities.

I am prepared to proceed on all of these issues.

Please contact me at your earliest convenience so that we can discuss these matters.

Thank you.

Respectfully,

Daniel Horowitz

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br><br>vs.<br><br>Defendant(s). | NO.  C-                              SI<br><br>**CASE MANAGEMENT<br>CONFERENCE ORDER** |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Susan Illston on _____ at 2:00 p.m. in Courtroom No. 10, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below.  Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.  The parties are encouraged to attend.

Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.

The parties shall file a joint case management conference statement in accordance with the Standing Order for all Judges in the Northern District of California. At the case management conference the parties should be prepared to address and resolve the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

**CIVIL LAW AND MOTION MATTERS WILL BE HEARD ON FRIDAYS AT 9:00 A.M.  COUNSEL SHALL COMPLY WITH CIVIL L.R. 7 WITH RESPECT TO MOTION PROCEDURES.**

<u>Discovery disputes</u>: Counsel seeking the Court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and the relief sought.  Opposing counsel shall respond by letter brief, 5 pages or less, within one week.  The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged.  For good cause shown, based on legal or factual complexity, discovery disputes may be brought by formal noticed motion heard on a regular law and motion calendar. However, leave of Court to do so must be sought and obtained by ex-parte application in accordance with Civil L.R. 7-1(a)(3).

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  <u>See</u> Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

<u>Standing Orders:</u> All parties shall comply with the Standing Order for All Judges of the Northern District of California concerning the contents of the joint case management conference statement and JudgeIllston's Standing Order which are attached to this case management conference order.

**IT IS SO ORDERED.**

_Susan Illston_
_____
**SUSAN ILLSTON**
**United States District Judge**

United States District Court
For the Northern District of California

2

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF
## CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9.  The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over
plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts:  A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues:  A brief statement, without extended legal argument, of the disputed points
of law, including reference to specific statutes and decisions.

4.      Motions:  All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings:  The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation:  Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures:  Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery:  Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions:  If a class action, a proposal for how and when the class will be certified.

10.     Related Cases:  Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief:  All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

3

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

4

(4/5/07)                    **JUDGE ILLSTON'S STANDING ORDER**

1. Scheduling Days:

   Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.

   Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

   Civil Case Management Conferences are generally conducted on Fridays at 2:00 p.m. with the order of call determined by the Court.

   Pretrial Conferences are generally conducted on Tuesday afternoons at 3:30 p.m.

Counsel need not reserve motion hearing dates, but may call the clerk to obtain the next available law and motion calendar. Motions may be reset as the Court's calendar requires.

All parties are directed to comply with the Civil Local Rules except as identified in this order.

2. Discovery Disputes:

Counsel seeking the court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged.

3. Sealed Documents (Civil L.R. 79-5):

This Court does not require the filing of Administrative Motions to seal (Civil L.R. 7-11). The Court will accept stipulations (Civ. L.R. 7-12) or an ex-parte application (Civ. L.R. 7-10) with proposed orders in lieu of the administrative motion. In the event an agreement and stipulation for leave to file under seal is not possible, an ex-parte application shall be filed instead. Oppositions to ex-parte applications and proposed order must be submitted to the Court immediately.

Counsel must submit the documents intended to be filed under seal in the following manner:

   1. The entire original document, contained in an 8 1/2 - inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

   2. A second copy (chambers copy) completely assembled, including both sealed and unsealed material must be submitted in a single envelope.

Chambers must not be served with any "redacted/public" versions of sealed documents.

5

4. <u>Courtesy Copies:</u>

All courtesy copies must be three-hole punched at the left margin.

5. <u>Summary Judgment Motions:</u>

Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.

# Message Confirmation Report

**DEC-16-2007 03:07 PM SUN**

Fax Number : 9252833498
Name      : HOROWITZ LAW

Name/Number  : 19728645617
Page         : 8
Start Time   : DEC-16-2007 03:05PM SUN
Elapsed Time : 02'14"
Mode         : STD ECM
Results      :      [O.K]

---

## Law Office of Daniel A. Horowitz
P.O. Box 1547
Lafayette, California 94549

(925) 932-4107

*FAX: 925-283-3498*                     *E-Mail: Horowitz@WhiteCollar.US*

December 16, 2007

Sent by Facsimile: (972) 864-5617

Hamidch Khalid
Attorney at Law
1301 NW Highway
Suite 212
Garland, Texas 75041

Re: Michael Savage v. Council on American-Islamic Relations

Dear Mr. Khalid:

I represent Michael Savage in the lawsuit filed against CAIR.

As you know, this lawsuit was served on Friday.  I am writing for several reasons.
First, if you check PACER, you will see that the case has been reassigned to Judge
Illston. Therefore the correct case number is now.

### 3:07-cv-06076-SI
In addition, Judge Illston has issued a new scheduling order.

I am attaching that scheduling order and Judge Illston's standing orders for your
convenience.

**EXHIBIT 6**

# Law Office of Daniel A. Horowitz

**P.O. Box 1547**
**Lafayette, California 94549**

(925) 932-4107

*E-Mail: Horowitz@WhiteCollar.US*

*FAX: 925-283-3498*

*Sent by Facsimile: (972) 864-5617*

January 6, 2008

Hamideh Khalid
Attorney at Law
1301 NW Highway
Suite 212
Garland, Texas 75041

Re: Michael Savage v. Council on American Islamic Relations

Dear Mr. Khalid:

As you know, I represent Michael Savage in his action against the Council on American Islamic Relations.

You were served on behalf of that group on December 14, 2007 but you have not responded to the lawsuit within the statutory period. I am authorized to enter a default against your organization but I have not done so.

Instead, we have filed an amended complaint which I will have served on you this week.

*If you do not respond to this amended lawsuit within the statutory period, I will (this time) enter a default and seek a default judgment.*

I note that you have ignored my letter of December 16, 2007.

I would like to establish a professional relationship with you and the attorneys for your organization.   I hope that in the future you will respond to my letters as there is no benefit in the attorneys failing to communicate.

Please do not hesitate to contact me if you wish to discuss any matters relating to this litigation.

Respectfully,

Daniel Horowitz

Message Confirmation Report

JAN-06-2008 02:50 PM SUN

Fax Number   :   9252833498
Name         :   HOROWITZ LAW

| | | |
|---|---|---|
| Name/Number | : | 19728645617 |
| Page | : | 2 |
| Start Time | : | JAN-06-2008 02:50PM SUN |
| Elapsed Time | : | 00'28" |
| Mode | : | STD ECM |
| Results | : | [O.K] |

## Law Office of Daniel A. Horowitz

P.O. Box 1547
Lafayette, California 94549

(925) 932-4107

FAX: 925-283-3498                          E-Mail: Horowitz@WhiteCollar.US

Sent by Facsimile: (972) 864-5617

January 6, 2008

Hamideh Khalid
Attorney at Law
1301 NW Highway
Suite 212
Garland, Texas 75041

Re: Michael Savage v. Council on American Islamic Relations

Dear Mr. Khalid:

As you know, I represent Michael Savage in his action against the Council on
American Islamic Relations.

You were served on behalf of that group on December 14, 2007 but you have not
responded to the lawsuit within the statutory period. I am authorized to enter a
default against your organization but I have not done so.

Instead, we have filed an amended complaint which I will have served on you this
week.

*If you do not respond to this amended lawsuit within the statutory period, I will
(this time) enter a default and seek a default judgment.*

I note that you have ignored my letter of December 16, 2007.

**EXHIBIT 7**

# Law Office of Daniel A. Horowitz

**P.O. Box 1547**
**Lafayette, California 94549**

(925) 932-4107

*FAX: 925-283-3498*                              *E-Mail: Horowitz@WhiteCollar.US*

February 14, 2008

(415) 276-6599

Thomas R. Burke
Davis, Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, Ca. 94111

Re: Savage v. CAIR

Dear Mr. Burke:

I recently became aware that CAIR is still aggressively confronting advertisers
who work with Michael Savage. It is my understanding that they are using the
disputed four minutes thirteen seconds of material and the same spin that we call
misrepresentation in order to accomplish this.

The problem with this type of conduct is that it escalates both the rhetoric and the
real areas of confrontation between the parties. This increasingly makes it
impossible for us to ever fashion a reasonable resolution of this dispute.

While the political nature of this case may in fact dictate trial and a complete

victory of one side over the other, it is my experience that a good faith attempt to resolve differences is the better course.

I honestly believe that if your client's persist in this conduct, they will guarantee that this case not resolve.

Respectfully,

Daniel Horowitz

**EXHIBIT 8**

**Daniel Horowitz**

From:       "Daniel Horowitz" <bdega@earthlink.net>
To:         "Burke, Thomas" <THOMASBURKE@dwt.com>
Sent:       Thursday, February 28, 2008 8:02 AM
Attach:     DefendantsAdmissionsRequest.pdf
Subject:    Our Discovery

Tom:  This is the broad outlines of where we want to go with our initial discovery.
I am attaching the Whitehead Request for Admissions as we will be using that
with the irrelevant sections excised.   I'll have a CMC draft for you later today.

Daniel


# Depositions

Note: Some of these people are CAIR board members others are third party
witnesses. If some of the names are unclear (e.g. your clients think they know
them but with a different spelling, let me know and we will clarify).

Omar Ahmad

Nihad Awad

Bayan Elashi

Ghassen Elashi

Khairy Al Agha (K&A Overseas)

Rackspace.com (PMK)

Miller Musmar PC (PMK)

United Bank of Kuwait (Ahli United Bank) (PMK)

Nehad Hammad

Hussam Aloush

Nabil Sadoun

Mohamed Nimer

**Areas of Production**


**Washington D.C. Real Estate**

Transactional documents for purchases/sales/loans, mechanics liens, notes, mortgages etc.

relating to:

929, 923, 917 2nd St. NE Washington DC

205, 208 K Street, Washington DC

453 New Jersey Street, NE Washington, DC

208 "G" Street, Washington, DC

Documents relating to Zahara Investment Corporation and Greater Washington LLC


**Holy Land Foundation Documents**

Accountings and documents relating to business with HLF in English and in Arabic.

**Islamic Association for Palestine**

Accountings and documents relating to business with HLF in English and in Arabic.

**Organizational Documents**

Minutes of meetings, elections, corporate business documentation

10/12/2008

## Accounting Documents

IRS filings and supporting documentation 2000 to present.

## Website

Ownership, hosting (Infocom etc), financial, administrator and related documents.

Content

## Activities

"Demonstrations", meetings, seminars, fund-raising.

Fund raising and related conduct (speaking engagements) for legal defense of the following persons:

Musa Abu Marzook

The Elashi's & Infocom

Abdurahman Alamoudi

Rabith Hadid

Omar Abdel Rahman

Bassam Khafagi

Rafiq Sabir

Yousef Megahed & Ahmed Mohamed

Sami Al-Arian

Jamil Al-Amin (aka Rap Brown)

and groups such as the HLF

(To list just a few)

## CAIR Lawsuits / Media

Lawsuits filed by/against.

> Demands, threats, negotiations with media personalities e.g. "Dr. Laura", Bill Cunningham, Cong. Ballenger, media entities, eg. YAF

## Foreign Funding Sources

> E.g. Accountings of money donated by the man you call the "Saudi Warren Buffett" (byw, was Warren Buffett born a billionaire? Did the Saudi Buffett donate all of his money to charity upon his death ?) Cost of Quran's and accountings of where they

were "donated".

Loan activities between Board members and overseas banks e.g. home loans

by AHLI.

Loans, donations to and from overseas sources.

## Financial Issues re: Savage

Documentation as to what was copied, how used, donations received via that page link, CAIR's communications with various businesses, entities etc., website hits, website data (probably nothing private e.g. probably not IP's)

## Urban Legends

Documentation of the contents of that page http://www.cair.com/AboutUs/urbanlegends.aspx esp. contacts / statements by FBI as referenced therein.

## Political Donations

Donations made by CAIR affiliated officers to politicians on or about 9/11/2001.

## Aggregate Donations

10/12/2008

Accountings of donations in the aggregate to various groups among all CAIR entities.

Donations in the aggregate to CAIR groups.

Loans in the aggregate to CAIR groups.

## Request for Admissions

We will be filing the Whitehead case Requests absent the portions that are particularly targeted to the facts of his case (I am attaching a copy that you can review).

# EXHIBIT 9

# Law Office of Daniel A. Horowitz

**P.O. Box 1547**
**Lafayette, California 94549**

(925) 932-4107

*FAX: 925-283-3498*                          *E-Mail: Horowitz@WhiteCollar.US*

February 28, 2008

Thomas Burke
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-3533

Re: Savage v. CAIR

Dear Mr. Burke:

Here is the start of our disclosures.  We agreed to a date a week after the CMC, however, it may be of value for you to have these in advance so I am sending it early.

Respectfully,

Daniel Horowitz

# EXHIBIT 10

**Daniel Horowitz**

| | |
|---|---|
| **From:** | "Daniel Horowitz" <bdega@earthlink.net> |
| **To:** | "Burke, Thomas" <THOMASBURKE@dwt.com> |
| **Sent:** | Thursday, February 28, 2008 10:03 AM |
| **Subject:** | CMC |

Tom:

Here is my part of the CMC.  Please let me know what changes/additions you want.

Daniel

# 1. Jurisdiction and Service

All issues have been resolved. All named defendants have been served and have appeared by stipulation joining in the 12(b)(6)/12(c) motion of March 7, 2008.

# 2. Facts

The Fed. Rule Civ. Proc. 12(b)(6)/12(c) motion highlights these issues. Defendants are asserting that their actions were charitable, done for legitimate civil rights purposes and protected by the First Amendment. Defendants assert that Michael Savage is a public figure and that he has not suffered any compensable damages.

Plaintiff asserts that defendants are conspirators and are part of a group called the Muslim Brotherhood which is the parent group of Hamas. The Muslim Brotherhood according to plaintiff is a terrorist group and CAIR's conduct in this case is part of a plan designed to further the illegal purposes of the Muslim Brotherhood and Hamas in the United States.

Factual Chronology: xxx

## 3. Legal Issues

The Fed. Rule Civ. Proc. 12 (b)(6)/12(c) motion highlights the legal issues. It is not anticipated that there will be any significant legal issues other than these at trial.

## 4. Motions:

A. Plaintiff may seek to add additional defendants once discovery commences.

B. There may be instances where plaintiff seeks discovery and/or depositions from overseas. At least two important witnesses are believed to be in Egypt and Jordan (respectively). As of May 3, 1998 there is an MLAT treaty with Egypt. In addition, there are witnesses and there is evidence to be obtained from Israel.

C. Many of the witnesses in this case and CAIR itself are unindicted co-conspirators in U.S. v. Holy Land Foundation. There will likely be issues

relating to assertions of the Fifth Amendment.

D. Defendant will be seeking Summary Judgment.

## 5. Amendment of Pleadings

As this case is alleged as a conspiracy (at least as to the RICO), additional conspirators may be named.

## 6. Evidence Preservation

Plaintiff is preserving the recordings of his shows. This is done in the

9/17/2008

normal

course of his business. Plaintiff will preserve any other documents/things as

requested.

Defendant has possession of its website postings, activities, traffic and will/will

not be preserving this material in its entirety. [TOM]

Defendant has in its possession communications with businesses (e.g. Auto Zone)

and other entities ??? relating to its actions against Michael Savage. This includes letters, logs of telephone calls and e-mails. These will/will not be preserved. [TOM]

## 7. Disclosures

The parties have agreed to make these disclosures 7 days after this CMC.

Plaintiff has provided defense counsel with the names of the first 11 people that he wishes to depose.

Plaintiff has also provided an outline of the document (categories) which will be addressed in his first production request. (This outline is approx. 2 pps.)

Plaintiff has also provided a copy of his first set of Requests for Admissions. These are 57 pages and were submitted in another case involving CAIR (CAIR v. Whitehead). Plaintiff has indicated that he will modify these questions to eliminate those that lack

relevance to the present case.

Plaintiff has provided on disk:

The entire transcript of the jury trial in United States v. Holy Land Foundation

3: 04-240-G (Northern District of Texas, Dallas Division)

Plaintiff has agreed to provide on disk several thousand pages of additional discovery.

Plaintiff will be providing all documentation of damages, copyright registration and other relevant items, again when possible in electronic format.]

Defendant will provide disclosures whenever possible in electronic format. Defendant will provide such discovery as defendant believes is reasonably responsive to the requirements of Rule 26.

## 8. Discovery

Item 7 above details the preparations that parties are making for discovery. Plaintiff will seek leave to take a significant number of depositions. Defendant will take the deposition of Michael Savage and is considering other and additional depositions.

Discovery plan [Dan] [Tom]

## 9. Class Actions

NA

## 10. Related Cases

Much of plaintiff's initial RICO pleading derives from two pending cases.

***United States v. Holy Land Foundation*** 3: 04-240-G (Northern District of Texas, Dallas Division)

In this case, CAIR is an unindicated co-conspirator. Some of the current officers of CAIR are also unidicted co-conspirators. This trial is set to start on August 18, 2008. The initial trial ended with a mistrial.

In addition, plaintiff alleges that the organizational structure of the Muslim Brotherhood places CAIR as a co-equal group to the International Association for Palestine and the Holy Land Foundation. (Plaintiff calls this the "Terror Trinity") Therefore convictions against the HLF may affect the position of CAIR. In addition, Ghassen Elashi is a named defendant in that case. He is a person closely associated with CAIR. He is one of the founders of the Texas branch of CAIR. His conviction may also impact Savage v. CAIR.


## Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., 04-CV-1923 (RCC)

This is the case filed by survivors of the 9/11 attacks against numerous groups. CAIR is a named defendant. The docket on that case is 631 pages and the case is still in the discovery stage as to some defendants and pleading stage as to others.

## 11. Relief

Plaintiff is seeking standard damages for copyright infringement as to

the First Cause of Action. This includes:

A. Profits made by CAIR via use of the material.

B. Losses to the value of the performance on resale or repackaging by Savage.

C. Attorney's fees

These are continuing losses and the totals are not yet known.

Note: Statutory damages have not been sought but are reserved. A legal issue may arise as to whether each defendant has an independent existence so that demonstrable damages can be sought against one defendant and in addition (additively), statutory damages can be sought against another defendant.

Additional damages include:

      A. Damage to his overall product e.g. the ratings, loss of advertisers, damage to the present value and future value of "The Savage Nation" radio show.

B. Punitive and Exemplary damages.

There may be legal issues as to the availability and/or scope of these "Additional Damages".

As to the RICO claim the damages are continuing and have not yet been ascertained. They include all of the above other than the statutory damages for copyright infringement.

Plaintiff estimates present loss of advertising revenue in excess of $ 1,000,000.00.

## 12. **Settlement and ADR**

The parties have agreed to mediation with a U.S. Magistrate Judge.

## 13. **Consent to Magistrate Judge For All Purposes**

The parties do not consent.

## 14. **Other References**

NA

## 15. **Narrowing of Issues**

There is no basis to narrow issues at this stage of the case.

## 16. **Expedited Schedule**

      No.

## 17. **Scheduling**

Proposed dates for:

A. Designation of experts

December 5, 2008

B. Discovery cutoff

February 6, 2009

C. Hearing of dispositive motions

March 13, 2009

D. Pretrial conference and trial.

April 6, 2009

## 18. Trial

Jury trial demanded by plaintiff.

Plaintiff notes that U.S. v. HLF took 22 trial days. This case is similar in scope and content. Therefore an estimate of 30 trial days is reasonable.

## 19. Disclosure of Non-party Interested Entities or Persons

Talk Radio Network

P.O. Box 3755

Central Point Oregon 97502

Syndicator of the Savage Nation

## 20. Such other matters as may facilitate the just, speedy and inexpensive

## disposition of this matter

NA

# EXHIBIT 11

## Daniel Horowitz

**From:**      "Daniel Horowitz" <bdega@earthlink.net>
**To:**        "Warren Metlitzky" <Warren.Metlitzky@sfgov.org>
**Sent:**      Monday, July 14, 2008 8:26 AM
**Attach:**    Disclosures.wpd
**Subject:**   Cohen Initial Disclosures

(Exhibits mailed)   Daniel

# EXHIBIT 12

## Daniel Horowitz

**From:**      "Daniel Horowitz" <Horowitz@Whitecollar.US>
**To:**        "Rappaport, Lary Alan" <LRappaport@proskauer.com>
**Sent:**      Saturday, August 30, 2008 6:46 AM
**Subject:**   Initial Disclosures & Discovery

Larry, ultimately all parties will need to have a complete set of the discovery and transcripts from People v. Origel.  A large number of those documents relate to Ambrose.  Obviously many do not directly relate to Ambrose.  A reasonable number of patient files also relate.  If you don't have that discovery I can provide it on disk BUT, we need some sort of HIPAA protection document drawn up re patient files. ....   Daniel

**EXHIBIT 13**

**Daniel Horowitz**

| | |
|---|---|
| **From:** | "Daniel Horowitz" <bdega@earthlink.net> |
| **To:** | "Burnite, John" <John.Burnite@wilsonelser.com> |
| **Sent:** | Friday, May 09, 2008 7:56 AM |
| **Subject:** | Origel |

John:

You should receive two DVD's today with the new discovery.
What is the status of our mediation?

# EXHIBIT 14

**Daniel Horowitz**

| | |
|---|---|
| **From:** | "Daniel Horowitz" <bdega@earthlink.net> |
| **To:** | "Burke, Thomas" <THOMASBURKE@dwt.com> |
| **Sent:** | Monday, March 03, 2008 1:39 PM |
| **Subject:** | Discovery Format |

Tom, as you know, the local rules require that every discovery answer repeat the question. In the past what I have done is agreed with opposing counsel to provide both paper and digital versions of the request so that the questions can be copied directly into the answer. I have noticed that when I arrive at opposing counsel's office for depositions the secretaries come out and bring me cookies, coffee and give me the good seats so I think they appreciate it.

Would you like to do that?

Daniel

9/17/2008

# EXHIBIT 15

**Exhibit 16**

Case 3:07-cv-06076-SI   Document 50-8   Filed 10/23/08   Page 51 of 53

- 

So do I.  Is there anything we can be doing in terms of settlement, mediation etc. during this down time?

----- Original Message -----
**From:** Burke, Thomas
**To:** bdega@earthlink.net
**Sent:** Thursday, March 20, 2008 7:39 AM
**Subject:** Re: Judge's Order

I've only seen a minute order.  I still expect a more detailed written order.
Thomas R. Burke
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-3533
Direct/Voicemail:  (415) 276-6552
Cell:  (415) 519-3406
Facsimile:  (415) 276-6599
Home Office:  (510) 528-8407
Bio:  http://www.dwt.com/lawdir/attorneys/BurkeThomas.cfm

----- Original Message -----
From: Daniel Horowitz <bdega@earthlink.net>
To: Burke, Thomas
Sent: Thu Mar 20 07:37:43 2008
Subject: Judge's Order

Tom, is it your understanding that Judge Illston will be issuing a written order on your motion?

Daniel

file:///C|/Documents%20and%20Settings/Daniel%20Horowitz/Desktop/Savage/Re_%20Judge's%20Order.htm 10/18/2008 7:17:25 AM

# EXHIBIT 17

file:///C|/Documents%20and%20Settings/Daniel%20Horowitz/Desktop/...tipulation%20and%20Order%20re%20Vacating%20ADR%20Requirement.htm

Case 3:07-cv-06076-SI    Document 50-8    Filed 10/23/08    Page 53 of 53

Tom, if the judge is still ordering the mediation (which seems to be the case), then I think we should go ahead with it. I don't want to be in a position of actively seeking to derail a negotiation process.

Daniel

----- Original Message -----
**From:** Burke, Thomas
**To:** Daniel Horowitz
**Sent:** Thursday, March 27, 2008 8:29 AM
**Subject:** Savage v. CAIR -- Proposed Stipulation and Order re Vacating ADR Requirement

Dan -- this is the solution the ADR coordinator suggested. I think it will work. Please approve and I'll get it on file this morning.

Thanks,

Tom

**Thomas R. Burke** | Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800 | San Francisco, CA 94111-6533
Tel: (415) 276-6552 | Fax: (415) 276-6599
Email: thomasburke@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/lawdir/attorneys/BurkeThomas.cfm

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.