1   Thomas R. Burke (CA State Bar No. 141930)
    DAVIS WRIGHT TREMAINE LLP
2   505 Montgomery Street, Suite 800
    San Francisco, California  94111
3   Telephone:   (415) 276-6500
    Facsimile:    (415) 276-6599
4   Email:         thomasburke@dwt.com

5   Matt Zimmerman (CA State Bar No. 212423)
    ELECTRONIC FRONTIER FOUNDATION
6   454 Shotwell Street
    San Francisco, California  94110
7   Telephone:   (415) 436-9333
    Facsimile:    (415) 436-9993
8   Email:         mattz@eff.org

9   Attorneys for Defendants
    COUNCIL ON AMERICAN-ISLAMIC
10  RELATIONS, INC., COUNCIL ON AMERICAN
    ISLAMIC RELATIONS ACTION NETWORK, INC.,
11  AND COUNCIL ON AMERICAN ISLAMIC
    RELATIONS OF SANTA CLARA, INC.

12

13              IN THE UNITED STATES DISTRICT COURT

14              THE NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17  MICHAEL SAVAGE,                          )  Case No. CV07-06076 SI
                                             )
18              Plaintiff,                   )  **REPLY IN SUPPORT OF MOTION FOR**
                                             )  **AN AWARD OF ATTORNEYS' FEES**
19       v.                                  )  **AND COSTS**
                                             )
20  COUNCIL ON AMERICAN-ISLAMIC              )  Date:     November 14, 2008
    RELATIONS, INC., COUNCIL ON              )  Time:     9:00 a.m.
21  AMERICAN ISLAMIC RELATIONS               )  Judge:    The Honorable Susan Illston
    ACTION NETWORK, INC., COUNCIL ON         )
22  AMERICAN ISLAMIC RELATIONS OF            )
    SANTA CLARA, INC., and DOES 3-100,       )
23                                           )
                Defendants.                  )
24                                           )
                                             )
25  _____      )

26

27

28

DAVIS WRIGHT TREMAINE LLP

## I.     INTRODUCTION

Unable to raise a valid argument in opposition to CAIR's fee motion, Michael Savage instead offers yet another inflammatory screed aimed not at illuminating any material issue but instead at clouding the only matter before this Court:  applying the appropriate legal standard for evaluating attorney fee applications under 17 U.S.C. § 505.  On that issue, Savage has nothing to say.  He offers no substantive argument regarding CAIR's entitlement to a fee award, and he does not dispute the reasonableness of the fees sought or the hourly rates or time incurred by CAIR's counsel.

Instead, Savage continues to misuse the Court's docket to level groundless accusations against CAIR while hiding behind the litigation privilege.  For example, no longer content to shamelessly toss around terms like "terrorist" and "terrorism," Savage now argues that it would be a "reasonable interpretation of the law" to hold that CAIR's public criticism of his radio program is akin to "cross burning."  Opposition at pp. 10-11.  In addition, according to his "Third Amended Complaint," Savage now argues that CAIR's public criticism of Savage's radio program somehow amounts to *extortion*.  Exhibit 1 to Declaration of Daniel A. Horowitz in Opposition to CAIR's Motion for Attorneys' Fees ("Horowitz Decl.") at ¶¶ 13-17, 81, 90-91, 95, 641-643.  As with his previous filings, Savage's Opposition appears more tailored to be fodder for his national radio program than to press any legitimate legal point.  With every filing, Savage offers yet more unreasonable and frivolous behavior, factors that further favor CAIR and its Motion.  *See, e.g., Perfect 10, Inc. v CCBill, LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007) (requiring the court to consider the objective unreasonableness of a party's claims, "both in the factual and in the legal components of the case.").

As the Court noted in its Order of July 25, 2008, which summarily dismissed Savage's claims, "the gravamen of plaintiff's dispute is with the ideas that defendants may or may not espouse."  Order at p. 14.  For all of his protests and attempts to recast this frivolous litigation in a more favorable light in order to evade a fee award, Savage's position remains the same today.  Distilled to its essence, Savage argues in his Opposition that (1) Savage *could* have won had he wanted to (though he openly concedes that he lost), and (2) in any case, the positions taken by

DAVIS WRIGHT TREMAINE LLP

Savage – which were unequivocally and correctly rejected by the Court – were in fact "close calls" which should result in a denial of fees to CAIR.  As neither argument has merit or even remotely addresses the applicable fee standard, CAIR's Motion should be granted in full.

## II.    ARGUMENT

### A.    Savage Challenges Neither CAIR's Attorneys' Rates Nor Their Submitted Hours.

Savage challenges neither the appropriateness of CAIR's attorneys' rates nor their hours expended on the successful defense of this litigation.  Aside from nakedly stating that the Court should not award any fees at all, Savage introduces neither argument nor evidence in support of his position.  *See, e.g., Fed'n of Fly Fishers v. Daley*, 200 F. Supp. 2d 1181, 1193 (N.D. Cal. 2002) (granting full requested fee amount where "defendants submit no factual evidence in opposition to the proposed fee. … Based on the evidence before it, the Court determines that [the proposed] hourly rate … is reasonable."); *Jobete Music Co., Inc. v. Media Broadcasting Corp.*, 713 F. Supp. 174, 180 (M.D.N.C. 1988) (awarding the full fees sought under 17 U.S.C. § 505 by the moving party, noting that "Defendants have submitted no evidence disputing this fee nor any evidence possibly mitigating against an award of attorney's fees and costs.").  Offering the Court no basis to contradict the evidence submitted by CAIR in support of its Motion, Savage effectively concedes the second step of the Ninth Circuit's two-part copyright attorneys' fees standard.

Savage would in fact be hard-pressed to argue that the rates submitted or amount sought by CAIR are excessive as he has publicly confirmed that his own fees for the same litigation far exceed those sought by CAIR.  *See* Exhibit G to Declaration of Matthew Zimmerman of August 29, 2008 (Docket No. 42) (April 4, 2008, posting on Savage's website noting that the legal cost of this case "thus far" "is about $150,000" and that donations from his audience had "gotten us this far");[1] Exhibit 1 to Supplemental Declaration of Matthew Zimmerman of October 31, 2008

---

[1] "IMPORTANT NOTICE TO MY DEAR SUPPORTERS:  Thus far, the legal cost is about $150,000!  This is only first base on the long road of this important First-Amendment case.  Contrary to what some believe, this case is NOT – I repeat NOT – being represented pro-bono.  Your donations have gotten us this far, and with your continued support, we will fight for our freedom of speech all the way to the U.S. Supreme Court, if necessary.  Thank you, Michael Savage."

DAVIS WRIGHT TREMAINE LLP

("Supplemental Zimmerman Decl.") (September 18, 2008, website notice stating that Savage's legal costs associated with this litigation are now "over $250,000.").[2]  *See also* Exhibit 1 to Horowitz Decl. at ¶ 13 ("Michael Savage has incurred costs and attorney's fees in order to protect is [sic] property both tangible and intangible from damage by the Hobbs Act extortion(s) of CAIR. The losses are in excess of $200,000 and are continuing.").[3]

In any case, as pointed out in CAIR's opening brief, the billable rates of its attorneys are reasonable and well within the prevailing hourly rates in the San Francisco Bay Area for lawyers of comparable education, expertise, and experience who handle matters of the type involved in this litigation, a fact confirmed by a wide range of courts in recent years.  *See* Declaration of Daralyn Durie in Support of Defendants' Motion for Award of Attorneys' Fees (Docket No. 44) at ¶ 7; Declaration of Thomas R. Burke in Support of Defendants' Motion for Award of Attorneys' Fees (Docket No. 48) at ¶ 6.  *See also* CAIR's Memorandum of Points and Authorities in Support of its Motion for Attorneys' Fees at pp. 11-13.  Savage makes no assertion and offers no evidence to the contrary.

### B.    Savage Does Not Materially Challenge CAIR's Argument and Supporting Evidence That a Fee Award Pursuant to 17 U.S.C. § 505 Is Appropriate.

In addition to failing to offer any argument against the specific fees sought by CAIR, Savage does not materially challenge the application of the relevant 17 U.S.C. § 505 factors weighed in the Ninth Circuit to determine whether fees should be rewarded at all.  *See, e.g., Wall Data Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2006) (factors the district court may consider include "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to

---

[2] "Thank you again to all of you who have contributed to continue the fight for free speech.  As you may know, I was forced to drop my lawsuit against CAIR for non-legal reasons. Unfortunately after spending over $250,000, I discovered the legal system is stacked against patriots and favors even those who are unindicted co-conspirators in a federal anti-terrorism trial."

[3] Savage's counsel filed a declaration in opposition to CAIR's fee motion asserting that his fees for this litigation amounted to only $30,000, in sharp contrast to the $250,000 that his client publicly represented had been spent to date in legal fees on this matter.  *See* Horowitz Decl. at ¶ 10.  As Mr. Horowitz has only attested to his own fees and not to all legal fees spent by Savage for purposes of this litigation, CAIR will assume that the much larger amounts that Savage repeatedly identified in his fundraising appeals on his radio program and on his website, as well as in his "Third Amended Complaint," were in fact accurate.

Case No. CV07-06076 SI
REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

DAVIS WRIGHT TREMAINE LLP

advance considerations of compensation and deterrence.").  Instead, he appears to argue (1) that despite not challenging the Court's Order of July 25, 2008, he *would* have won had he moved for reconsideration, filed yet another amended complaint, or appealed; and (2) that his arguments were not frivolous because, despite binding precedent to the contrary, a chance existed that the Court *might* have ruled in his favor.  Neither of these arguments is correct, let alone remotely relevant.

First, as discussed fully in its fee motion, CAIR unequivocally won.  Savage's case was dismissed in its entirety at the pleadings stage (with prejudice) after the Court dismissed his copyright infringement claim and after Savage failed to submit an amended complaint attempting to remedy the multiple fatal shortcomings in his RICO claim.  To the extent that a complete dismissal informs a court's fee decision, it weighs solely in favor of the victorious party.  *See, e.g., Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (court to consider "degree of success obtained"); *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 559 (9th Cir. 1996) ("*Fogerty II*") (upholding defendant's award of $1,347,519.15 in attorney's fees under 17 U.S.C. § 505 where the defendant's "degree of success obtained" was complete); *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1104 (N.D. Cal. 2003) (finding the plaintiff's success to be "complete and unquestioned" and an "award of attorneys' fees appropriate.").  Savage had ample opportunity to craft and defend valid causes of action if any existed in his initial Complaint, his First Amended Complaint, his Second Amended Complaint, in his opposition to CAIR's Motion for Judgment on the Pleadings, and at oral argument.  Savage was instead unable to do so because the fundamental premise of his case was fatally and irredeemably flawed.

Second, despite the fact that his unfiled "Third Amended Complaint" is wholly irrelevant to the Court's evaluation of CAIR's fee motion, this hypothetical Complaint would *not* have cured the fundamental flaws identified by the Court.  While he dwells at length on "new evidence" allegedly tying CAIR to Hamas, Savage's attached exhibit would once again fail to address the shortcomings identified in the Court's Order even if it was appropriately before the Court, such as the fact that Savage's alleged injury "is entirely focused upon defendants' speech-related

DAVIS WRIGHT TREMAINE LLP

activities" and that "plaintiff lacks standing to bring his civil RICO claim and has failed to allege proximate cause." *See, e.g.,* Order at pp. 17, 19.

Third, Savage's only attempt to address any of the relevant fee factors identified in CAIR's opening brief – that his argument was not frivolous – is similarly unpersuasive.  As the Court repeatedly pointed out in its Opinion, Savage did not raise any novel or unsettled question of law.  Far from it.  Indeed, the Court repeatedly noted that Savage's arguments had been "squarely rejected by the Supreme Court" or otherwise precluded by controlling law.  Order at p. 12.[4]

Even if Savage's arguments were not objectively "frivolous" (though they are), this gains him little.  Frivolity is merely one of several factors that the Court may use to evaluate the central objective identified by the Ninth Circuit; instead, "[f]aithfulness [of considered factors] to the purposes of the Copyright Act  is . . . the pivotal criterion." *Fogerty II*, 94 F.3d at 558.  As the Ninth Circuit has pointed out, "'exceptional circumstances' are not a prerequisite to an award of attorneys fees; district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996).  Both the Supreme Court and the Ninth Circuit have repeatedly held that a successful fair use defense promotes those objectives. *See, e.g., Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) (*"Fogerty I"*) ("[I]t is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible."); *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 997 (9th Cir. 1998) (a successful fair use defense "serve[s] the purposes of the Copyright Act" and warrants an award of fees under 17 U.S.C. § 505.).

---

[4] *See also, e.g.,* Order at p. 7 ("Plaintiff tries to conflate 'motive' with the purpose and character of the use, which is not permitted by the case law."); *Id.* ("Plaintiff places primary reliance on the Supreme Court's reasoning in *Harper and Row*, but it does not go so far as plaintiff contends."); Order at p. 15 ("[T]he Supreme Court and the Ninth Circuit have made clear that the First Amendment may be used as a shield to protect those engaged in 'petitioning' in the form of civil lawsuits and pre-litigation demand letters."); Order at p. 17 ("Plaintiff's complaint appears to raise precisely the First Amendment problems in the RICO context recognized by Justices Souter and Kennedy and the Third Circuit."); Order at p. 19 ("[T]he Court finds that plaintiff's Second Amended Complaint is similar to the complaint at issue in *Pelletier v. Zweifel*, 921 F.2d 1465, 1518-19 (11th Cir. 1991), in which the Eleventh Circuit affirmed the district court's dismissal of a RICO claim because it was brought to harass the defendant and constituted 'shotgun' pleadings that made it extremely difficult for the court and opposing parties to identify the facts that would give rise to a cognizable claim.").

5

Fourth, the inability of the parties to settle this matter on terms of Savage's liking is wholly immaterial to an evaluation of CAIR's fee motion. The notion that it was somehow incumbent on the *Defendants* to actively seek settlement of frivolous claims with a Plaintiff who repeatedly smeared them on his nationally-syndicated radio program and in court filings as "terrorists" is absurd. Indeed, Savage even asserts that CAIR should have engaged with him to "discuss a resolution of this case *before filing*." Opposition at p.1 (emphasis added). CAIR had no obligation to reach settlement with a litigant intent on pursuing an obvious public propaganda agenda or to in any way compromise CAIR's clear legal rights. *See, e.g., Moore v. Southtrust Corp.*, 392 F. Supp. 2d 724, 735 (E.D. Va. 2005) ("The plaintiff now claims that . . . the defendant could have avoided a large portion of the attorney's fees if the defendant had simply settled the case. However, the defendant was under no obligation to settle the plaintiff's fraudulent claims, and thus, encourage others to file such fraudulent claims in the future.").

The continued misrepresentations of Mr. Horowotiz, and now Mr. Boyd, are unfortunate as they erroneously allege that CAIR's counsel failed to satisfy its meet-and-confer obligations. Counsel did in fact meet and confer with Mr. Boyd regarding CAIR's fee motion, a conversation that confirmed that there was little reason to believe that further conversations would be anything but a waste of time. *See* Zimmerman Supplemental Decl. at ¶¶ 3-4. Even if counsel had not met and conferred, however, Savage's ongoing behavior only underscores the futility of such an exercise. Beyond the unending public slurs, Savage argues in his Opposition that CAIR is entitled to *no* fees (*see, e.g.,* Opposition at p. 25), but his counsel suggests, incredibly, that Savage was prepared to make a "sizable donation" to CAIR co-counsel EFF, apparently in the hopes that this would cause EFF to encourage CAIR to settle. Horowitz Decl. at ¶ 22. As if it needed to be stated, fee awards under 17 U.S.C. § 505 are made to prevailing parties,[5] not counsel,[6] and it

---

[5] *See* 17 U.S.C. § 505 ("[T]he court in its discretion may … award a reasonable attorney's fee *to the prevailing party* as part of the costs." (emphasis added).

[6] *See, e.g., Evans v. Jeff D.*, 475 U.S. 717, 730 (1986) (holding that in enacting a "prevailing party" standard, Congress did not "bestow[] fee awards upon attorneys….") ; *Venegas v. Mitchell*, 495 U.S. 82, 87, 88 (1990) ("[I]t is the party, rather than the lawyer, who is so eligible [for a prevailing party fee award] . . . ") (citing *Evans v. Jeff D.*, 475 U.S. at 730); *Pony v. County of Los Angeles*, 433 F.3d 1138, 1146 (9th Cir. 2006) (holding that "prevailing party" attorneys' fees [under 42 U.S.C. § 1988] "belong[] to clients, not to attorneys" (citing *Evans v. Jeff D.*, 475 U.S. at 730)."

DAVIS WRIGHT TREMAINE LLP

would be improper for counsel to even consider such a suggestion.[7]   *See, e.g., May v. Metropolitan Life Ins. Co.*, 2005 WL 839291 at *1 (N.D. Cal. April 7, 2005) (granting plaintiff's motion for attorneys' fees where the defendant opposed the motion on the basis that plaintiff's counsel did not meet and confer pursuant to Local Rule 54-6(b) but where the plaintiff's surreply suggested that complying with meet and confer requirement would be futile); *Yue v. Storage Technology Corp.*, 2008 WL 4185835 at *1 (N.D. Cal. Sept. 5, 2008) ("The Court finds that Judge Laporte properly considered Plaintiff's contentions and her finding that the meet and confer conference would have been futile so as to not warrant striking Defendants' motion for fees is consistent with the Court's interpretation of Civil Local Rule 54-6(b).").

**C.   Since This Court's Order Affirming CAIR's Fair Use of Savage Radio Show Excerpts, Savage Has Continued His Attempts To Misuse Copyright Law to Silence Online Critics Who Posted and Criticized *the Same Material*.**

If Savage's own arguments and behavior in this case do not adequately illustrate the need to award fees as a deterrent against future abuse, his behavior since the Court's July 25th Order should.   According to a complaint filed in this district by Plaintiff Brave New Films, on September 29, 2008 – 66 days after the Court dismissed Savage's copyright infringement claim with prejudice and 46 days after the entry of final judgment in this case – counsel for the Original Talk Radio Network ("OTRN," the syndicator for Savage's radio program) sent a baseless DMCA takedown notice[8] demanding that online video site YouTube remove a video utilizing for purposes of criticism and commentary *the same copyrighted material* that this Court found to be protected by the fair use doctrine in this case.   *See* Exhibit 2 to Supplemental Zimmerman Decl. (*Brave New Films v. Savage* Complaint (Case No. CV08-04703 JL)) at ¶¶ 22, 23; Exhibit 3 to Supplemental

---

[7] *See, e.g., Cal Pak Delivery, Inc. v. United Parcel Service, Inc.*, 60 Cal. Rptr. 2d 207, 209 (Cal. Ct. App. 1997) ("In this case we determine whether the trial court abused its discretion in disqualifying [Plaintiff's counsel] where [he] admitted he had offered to sell out his client and the class which the client was seeking to represent for a payment to himself personally of approximately $8 to $10 million.   We believe that to state the question is to answer it.").   *See also* California Rule of Professional Conduct 1-120 ("A member shall not knowingly assist in, solicit, or induce any violation of these rules or the State Bar Act.").

[8] The September 29, 2008, DMCA takedown notice issued by Original Talk Radio Network to YouTube notes that "OTRN does not, by this letter, disclaim, release or speak for the separate rights of Michael Savage" but does not disclaim a role by Savage in sending the baseless notice. Even if Savage played no direct role, this latest abusive legal filing further demonstrates the pattern of Savage and his proxies (*see* CAIR's Motion for Attorneys' Fees at p. 10) of initiating groundless legal processes targeting First Amendment protected speech critical of Savage.

DAVIS WRIGHT TREMAINE LLP

Zimmerman Decl. (OTRN DMCA takedown notice of September 29, 2008).   This latest bewildering attempt to ignore the dictates of copyright law – and to flaunt the Court's fair use findings here – underscores the compelling need to deter Savage and those acting in his interest from future abuses.[9]

### D.   Savage's Immaterial and Inflammatory Exhibits Should be Stricken From the Record.

Savage's Opposition rests almost entirely on an attempt to reargue positions that the Court rejected.  By definition, the exhibits he filed in opposition to CAIR's Motion for this purpose are "redundant," "immaterial," and "impertinent."   *See* Federal Rule of Civil Procedure 12(f).  Moreover, by filing this irrelevant and offensive material, Savage continues his pattern of abusing this privileged forum to make false and inflammatory statements to serve interests outside the courtroom.  The exhibits to Savage's Opposition, having no bearing on this litigation, should be stricken from the record.

## III.   CONCLUSION

CAIR completely prevailed against Michael Savage's frivolous claims that targeted CAIR's First Amendment-protected speech.  CAIR has met the legal standard for the awarding of attorneys' fees to prevailing parties pursuant to 17 U.S.C. § 505, a standard that is not in dispute.  CAIR's costs and fees prior to the filing of this Reply, as documented in its fees Motion, amount to $189,898.10.  The additional fees accrued for purposes of reviewing Savage's Opposition and its voluminous attachments and drafting this Reply amount to $15,160.  In total, CAIR seeks $205,058.10 in fees and costs.  CAIR respectfully urges this Court to grant its Motion in full so that it will be fully compensated for its fees and costs associated with the successful defense of

---

[9] The DMCA misuse lawsuit filed against Savage's syndicator raises an additional troubling question:  did Savage even have the right to file *this* lawsuit?  According to the DMCA takedown notice issued to YouTube on September 29, 2008, he apparently did not.  In this notice, OTRN's counsel writes "[U]nder penalty of perjury, I state that this office represents the owner of an exclusive right infringed by the specified material," including the copyrighted excerpts that Savage sued upon here.  *See* Exhibit 3 to Supplemental Zimmerman Decl.  If Mr. Glahn's statement made under penalty of perjury is true, only OTRN (and not Savage) is legally entitled to "initiate legal action" alleging copyright infringement regarding the copyrighted material in question.

8

1   this case and to deter Michael Savage from future baseless attempts to abridge CAIR's First

2   Amendment rights.

3

4         DATED this 31st day of October, 2008.

5

6                                         DAVIS WRIGHT TREMAINE LLP
                                          Thomas R. Burke

7                                         ELECTRONIC FRONTIER FOUNDATION
                                          Matthew J. Zimmerman

8

9                                         By:  __/s/ Matthew Zimmerman__

10                                             Matthew J. Zimmerman

11                                        Attorneys for Defendants
                                          COUNCIL ON AMERICAN-ISLAMIC
12                                        RELATIONS, INC., COUNCIL ON AMERICAN
                                          ISLAMIC RELATIONS ACTION NETWORK,
13                                        INC., AND COUNCIL ON AMERICAN ISLAMIC
                                          RELATIONS OF SANTA CLARA, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

Case No. CV07-06076 SI
REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS