1  Anthony T. Falzone (SBN 190845)
   Julie A. Ahrens (SBN 230170)
2  Christopher K. Ridder (SBN 218691)
   STANFORD LAW SCHOOL CENTER FOR
3  INTERNET AND SOCIETY
   559 Nathan Abbott Way
4  Stanford, California 94305-8610
   Telephone:  (650) 736-9050
5  Facsimile:  (650) 723-4426
   E-mail: falzone@stanford.edu
6
   William F. Abrams (SBN 88805)
7  Sheila M. Pierce (SBN 232610)
   BINGHAM MCCUTCHEN LLP
8  1900 University Avenue
   East Palo Alto, CA  94303-2223
9  Telephone:  650.849.4400
   Facsimile:  650.849.4800
10 Email:  william.abrams@bingham.com

11 Attorneys for Plaintiff Brave New Films 501(c)(4)

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                        SAN FRANCISCO DIVISION
15

16
   MICHAEL SAVAGE,                          No.  C 07-6076-SI
17
            Plaintiff,                      **NOTICE OF ADMINISTRATIVE
18      v.                                  MOTION AND ADMINISTRATIVE
                                            MOTION TO CONSIDER
19 COUNCIL ON AMERICAN-ISLAMIC              WHETHER CASES SHOULD BE
   RELATIONS, INC., COUNCIL ON              RELATED PURSUANT TO L.R. 3-12;
20 AMERICAN ISLAMIC RELATIONS ACTION        L.R. 7-11**
   NETWORK, INC., COUNCIL ON AMERICAN
21 ISLAMIC RELATIONS OF SANTA CLARA,
   INC., and DOES 3-100,
22
            Defendants.
23

24

25

26

27

28
                                                                    C 07-6076-SI

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that, pursuant to Civil L.R. 3-12 and 7-11, Plaintiff Brave New Films 501(c)(4) ("Brave New Films") moves for an order that *Brave New Films 501(c)(4) v. Weiner et al.*, No. 3:08-cv-04703-JL (N.D. Cal. Oct. 10, 2008) ("the Brave New Films Action"), is related to *Savage v. Council on American-Islamic Relations, Inc.*, No. 3:07-cv-6076-SI (N.D. Cal. July 25, 2008) ("the CAIR Action") (collectively "the Related Cases").

Brave New Films files this Notice because the Related Cases involve substantially the same parties, transactions, events and questions of law, and because it is likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the Brave New Films Actions is conducted before a different judge than that of the CAIR Action. *See* Local Rule 3-12(a)(1). Brave New Films' Administrative Motion is based on this Notice, the Memorandum of Points and Authorities, the accompanying declaration of Sheila M. Pierce and attached exhibits, all pleadings, files and records in the two actions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendant Michael Weiner ("Savage") is a nationally syndicated talk show host who performs under the name Michael Savage and hosts the talk show program "The Michael Savage Show." *See* http://www.talkradionetwork.com/hosts. According to the records of the United States Copyright Office, and according to Savage himself, Savage is the registered copyright owner of the October 29, 2007 radio broadcast of "The Michael Savage Show." Declaration of Sheila M. Pierce In Support of Plaintiff's Administrative Motion To Consider Whether Cases Should Be Related ("Pierce Decl.") at ¶ 2, Exh. A.

On December 3, 2007, Savage filed a complaint in the Northern District alleging copyright infringement against the Council on American-Islamic Relations, Inc. ("CAIR"). He amended the complaint twice, once as of right on December 23, 2007, and a second time by stipulation of the parties on February 14, 2008. In his complaint Weiner alleged that CAIR

1  misappropriated approximately four minutes of copyrighted material from the October 29, 2007
2  airing of "The Michael Savage Show." *See Savage v. Council on American-Islamic Relations,*
3  *Inc.*, No. 3:07-cv-6076-SI at 13 (N.D. Cal. July 25, 2008) (Document Nos. 1, 6, 18).
4          On July 25, 2008, this Court dismissed without leave to amend Savage's
5  copyright claim against CAIR.  Recognizing that CAIR used limited excerpts from the radio
6  show to criticize publicly the anti-Muslim message of those excerpts, this Court held "that the
7  majority of the four fair use factors, including the most important factors, weigh in favor of
8  [CAIR]."  *See id.* (Document No. 38).
9          On January 18, 2008, Brave New Films created and uploaded to its YouTube
10 channel a video, "Michael Savage Hates Muslims" ("the Video"), which was posted to YouTube
11 at the URL http://www.youtube.com/watch?v=CtY-JWahHQs.  Pierce Decl. at ¶ 3.  As with the
12 CAIR video, the Video used audio excerpts from Savage's October 29, 2007 broadcast to
13 criticize Savage's anti-Muslim message.[1]  Pierce Decl. at ¶ 4.
14         On September 29, 2008, counsel for Original Talk Radio Network ("OTRN"), the
15 company that syndicates and broadcasts "The Michael Savage Show," delivered a letter by
16 facsimile to YouTube's "DMCA Complaints" department, demanding the removal of the Video.
17 *Id.* at ¶ 5, Exh. B.
18         YouTube treated this letter as a takedown notice pursuant to section 512(c)(3) of
19 the Digital Millennium Copyright Act ("DMCA").  17 U.S.C. § 512(c)(3).  On October 2, 2008,
20 YouTube disabled access to the Video and notified Brave New Films that the Video had been
21 removed pursuant to the complaint by OTRN.  *Id.* at ¶ 6, Exh. C.
22         On October 10, 2008, Brave New Films filed a complaint for injunctive relief and
23 damages against OTRN and Savage alleging they had issued an improper takedown notice
24 pursuant to the DMCA.  *Id.* at ¶ 7, Exh. D.  Magistrate Judge James Larson was assigned to the
25 matter.  *Id.* at ¶ 8, Exh. E.

---

[1] A CD containing the Video was filed with the Brave New Films complaint and a copy is provided with the Chamber's copy of this motion for the Court's convenience.

1          The two matters are related.  The two cases involve essentially the same parties,

2 the same transactions or events and the same questions of law and fact.  Having already presided

3 over the CAIR Action, Judge Susan Illston is in the best position to quickly and efficiently

4 handle the Brave New Films Action.

**II.   THE RELATED CASES CONCERN SUBSTANTIALLY THE SAME PARTIES AND THE SAME TRANSACTIONS, EVENTS AND QUESTIONS OF LAW**

7          The two cases all arise from or relate to the same transactions and/or events and

8 involve substantially the same parties and facts and will require the adjudication of the same

9 questions of law.  Local Rule 3-12(a)(1).

    **A.   The Related Cases Concern Substantially The Same Parties, Property, Transaction Or Event**

12          The Related Cases both concern claims of copyright infringement alleged by

13 Savage over the posting on the Internet certain audio clips from his October 29, 2007 radio

14 program.  In each case the audio clips were used to provide the public with a detailed criticism of

15 Savage's anti-Muslim views.  Additionally, Savage is a party to both cases.  Savage was the

16 plaintiff in the CAIR Action where he alleged copyright infringement based on CAIR's posting

17 of the audio clips.  Savage is a defendant in the second matter where Brave New Films seeks

18 declaratory relief and damages for the improper takedown of its posting of virtually identical

19 audio clips from the same October 29, 2007 program.

    **B.   The Related Cases Concern The Same Questions Of Law**

21          In addition to concerning substantially the same parties, the same transactions and

22 the same events, the two actions also concern the same questions of law.  In the CAIR Action,

23 CAIR prevailed against Savage's claims of copyright infringement because this Court found that

24 under the fair use doctrine CAIR's use of Savage's broadcast was fair as a matter of law.  The

25 same questions of law are present in the Brave New Films Action where virtually identical

26 material is used in the same manner and for the same purpose.  Relating the two cases avoids the

27 danger of conflicting results regarding the use of the same material.

28

**C.   It Appears Likely That There Will Be An Unduly Burdensome Duplication Of Labor And Expense Or Conflicting Results If The Cases Are Conducted Before Different Judges**

This Court is well versed in the circumstances surrounding the CAIR Action. The Honorable Judge Illston is familiar with Savage, the audio excerpts and the relevant questions of law. Placing the Brave New Films Action before a different court would cause substantial duplication of labor and expense. Both parties would have to take up valuable court time explaining the details related to material used in a manner that has already been determined by this Court to be fair. Moreover, the danger of conflicting results exists if the cases are not heard by the same judge. Therefore, the Court that handled the CAIR Action is best equipped to preside over the Brave New Films Action.

**III.   CONCLUSION**

For the above reasons, Brave New Films respectfully requests that the Court relate *Savage v. Council on American-Islamic Relations, Inc.*, No. 3:07-cv-6076-SI (N.D. Cal. July 25, 2008) and *Brave New Films 501(c)(4) v. Weiner et al.*, No. 3:08-cv-04703-JL (N.D. Cal. Oct. 10, 2008).

DATED:  November 4, 2008

Bingham McCutchen LLP


By: _____/s/William F. Abrams_____
William F. Abrams
Attorneys for Plaintiff Brave New Films 501(c)(4)