# EXHIBIT
# C



**Brave New Films <bravenewfilms@gmail.com>**

# Video Removed: Copyright Infringement

**YouTube <no_reply@youtube.com>**                                    **Thu, Oct 2, 2008 at 8:49 PM**
To: bravenewfilms <bravenewfilms@gmail.com>

  Broadcast Yourself ™                                    help center | e-mail options

## Dear Member:

This is to notify you that we have removed or disabled access to the following material as a result of a third-party notification by Original Talk Radio Network, Inc. claiming that this material is infringing:

**Michael Savage hates Muslims:** http://www.youtube.com/watch?v=CtY-JWahHQs

**Please Note:** Repeat incidents of copyright infringement will result in the deletion of your account and all videos uploaded to that account. In order to prevent this from happening, please delete any videos to which you do not own the rights, and refrain from uploading additional videos that infringe on the copyrights of others. For more information about YouTube's copyright policy, please read the _Copyright Tips_ guide.

If you elect to send us a counter notice, please go to our Help Center to access the instructions.

Please note that under Section 512(f) of the Copyright Act, any person who knowingly materially misrepresents that material or activity was removed or disabled by mistake or misidentification may be subject to liability.

Sincerely,
YouTube, Inc.

© 2008 YouTube, LLC

# EXHIBIT

# D

COPY

1   Anthony T. Falzone (SBN 190845)
    Julie A. Ahrens (SBN 230170)
2   Christopher K. Ridder (SBN 218691)
    STANFORD LAW SCHOOL CENTER FOR
3   INTERNET AND SOCIETY
    559 Nathan Abbott Way
4   Stanford, California 94305-8610
    Telephone: (650) 736-9050
5   Facsimile: (650) 723-4426
    E-mail: falzone@stanford.edu
6
    William F. Abrams (SBN 88805)
7   Sheila M. Pierce (SBN 232610)
    BINGHAM MCCUTCHEN LLP
8   1900 University Avenue
    East Palo Alto, CA  94303-2223
9   Telephone:  650.849.4400
    Facsimile:  650.849.4800
10  Email:  william.abrams@bingham.com

11
12  Attorneys for Plaintiff Brave New Films 501(c)(4)

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16  BRAVE NEW FILMS 501(C)(4),              Case No.

17              Plaintiff,                  **COMPLAINT FOR DECLARATORY
                                            JUDGMENT AND DAMAGES**
18          v.

19  MICHAEL WEINER aka MICHAEL SAVAGE,      DEMAND FOR JURY TRIAL
    and ORIGINAL TALK RADIO NETWORK,
20  INC.,

21              Defendants.

22

23

24

25

26

27

28

ORIGINAL FILED
OCT 10 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 08   4703

JL

---

1.      This is a civil action seeking declaratory relief and damages following Defendants' improper efforts to silence criticism of the nationally syndicated radio talk show host Michael Weiner, who uses the stage name Michael Savage ("Savage").  In seeking to silence criticism of Savage, defendant Original Talk Radio Network, Inc. ("OTRN"), the organization that syndicates Savage's radio show, sent a baseless takedown notice to YouTube, a popular video sharing site headquartered in San Bruno, California.  OTRN demanded the removal of "Michael Savage Hates Muslims" (the "Video"),  a video created and posted by plaintiff Brave New Films 501(c)(4) ("Brave New Films"), which uses approximately one minute of excerpts from Savage's two-hour radio show to demonstrate and criticize Savage's vocal hatred of Muslims broadcast on his program.  OTRN knew that its takedown notice was baseless.  The brief excerpts from Savage's show that are used to criticize Savage are clearly fair use, and this Court held in a case brought by Savage that the same content used in the same way in another video criticizing Savage constituted fair use as a matter of law.  OTRN's actions resulted in the removal of the Video from YouTube, and caused YouTube to temporarily disable Brave New Films' entire YouTube channel containing hundreds of videos.  Brave New Films therefore seeks a declaration that the Video makes fair use of Defendants' material and damages for the knowing misrepresentations that OTRN made in the takedown notice submitted to YouTube.

## PARTIES

2.      Brave New Films 501(c)(4) is a 501(c)(4) corporation with its principal place of business in Los Angeles, California.  It produces and distributes films, blogs, television shows and short videos that challenge apparent corporate and political misbehavior.  Its co-founder, Robert Greenwald, is well known for his politically-charged documentaries "Outfoxed" (about the Fox News Network), "Uncovered" (examining events leading to America's 2003 invasion of Iraq), and "Wal-mart: The High Cost of Low Price," which documents and criticizes the business practices of one of the world's largest retailers.

3.      Defendant Original Talk Radio Network, Inc. purports to be an Oregon corporation with its principal place of business in Central Point, Oregon.  On information and

2

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

1   belief, OTRN is also known and does business as "Talk Radio Network," with its principal place

2   of business in Oregon.  According to Talk Radio Network's website, Talk Radio Network

3   syndicates and distributes talk radio content, including "The Michael Savage Show," also known

4   as "The Savage Nation," to over 300 affiliate radio stations in the nation's top radio markets,

5   including San Francisco.  OTRN does business in the Northern District of California.

6       4.      Defendant Michael Weiner ("Savage") is a nationally syndicated talk show host

7   who performs under the name Michael Savage and hosts the talk show program "The Michael

8   Savage Show."  "The Michael Savage Show" is based in San Francisco, California and Savage

9   resides in Marin County, California. According to the records of the United States Copyright

10  Office, and according to Savage himself, Savage is the registered copyright owner of the October

11  29, 2007 radio broadcast of "The Michael Savage Show."  (A copy of Savage's copyright

12  registration for the October 29, 2007 broadcast is attached to this Complaint as Exhibit A.)

13      5.      On information and belief, OTRN has acted as Savage's agent, and OTRN's

14  actions as alleged herein were done with Savage's knowledge and permission.

15                    **JURISDICTION AND VENUE**

16      6.      This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101

17  et seq.  This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331

18  and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2291.

19      7.      This Court has personal jurisdiction over OTRN because it has purposefully

20  availed itself of the laws of the State of California by distributing radio programming in

21  California.  In addition, OTRN's takedown notice was sent to San Bruno, California, and was

22  calculated to cause harm in California because access to the Video was disabled on YouTube's

23  servers in San Bruno, California, and Brave New Films is located in Los Angeles, California.

24      8.      This Court has personal jurisdiction over Savage because he resides within the

25  Northern District of California, does business within the Northern District of California, and

26  broadcasts his show in and from the Northern District of California.

27      9.      Venue is proper in the Northern District of California because a substantial

28  portion of the events underlying this case took place in this District, including the broadcast of

3

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

1 the program "The Michael Savage Show," and the removal of the Video criticizing Savage from

2 YouTube, which is based in San Bruno, California.  Venue is also proper because Savage resides

3 in the Northern District of California.

4           **INTRADISTRICT ASSIGNMENT**

5    10.  This matter is properly assigned to the San Francisco division because a

6 substantial part of the events that gave rise to the claims herein occurred in San Bruno,

7 California, and Savage resides in Marin County.

8            **FACTUAL ALLEGATIONS**

9    11.  Brave New Films produces and distributes films, blogs, television shows and

10 short videos that challenge corporate and political misbehavior.  Its co-founder, Robert

11 Greenwald, is well known for his documentaries that take on commercial and political interests.

12 Among other things, he directed and produced "Outfoxed: Rupert Murdoch's War on

13 Journalism" and "Wal-Mart: The High Cost of Low Price."  To date, Greenwald's films have

14 received 25 Emmy nominations, four cable ACE Award nominations, two Golden Globe

15 nominations, the Peabody Award, the Robert Wood Johnson Award, and eight Awards of

16 Excellence from the Film Advisory Board.  He was awarded the 2002 Producer of the Year

17 Award by the American Film Institute.

18    12.  Brave New Films has produced hundreds of short videos that are distributed

19 across a variety of channels.  The largest channel through which Brave New Films distributes its

20 content is YouTube, on which Brave New Films maintains the "bravenewfilms" channel.  This

21 channel contains approximately 300 videos that, together, as believed to have been viewed

22 approximately 32 million times.

23    13.  Savage's radio program "The Michael Savage Show" is a nationally syndicated

24 show that, according to Savage, reaches millions of listeners each week.

25    14.  During the two-hour October 29, 2007 broadcast of "The Michael Savage Show,"

26 Savage went on an anti-Muslim tirade, attacking Islam and the Quran and denigrating Muslims

27 as "throwbacks" who should be deported "without due process."

28

4

---

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

1    15.    Shortly after this show aired, the Council for American-Islamic Relations

2    ("CAIR"), the nation's largest Muslim civil rights posted a detailed criticism of Savage on its

3    website (www.cair.com) entitled "National Radio Host Goes On Anti-Muslim Tirade," which

4    included more than four minutes of audio excerpts from Savage's October 29, 2007 broadcast.

5    CAIR's website explained its vigorous objections to Savage's commentary, and placed its

6    criticisms in a larger cultural and historical context.  CAIR requested that companies that

7    advertise on "The Savage Nation" pull their ads from Savage's show because of his bigoted

8    statements.

9    16.    In response to CAIR's criticism of him, Savage filed a lawsuit against CAIR on

10   December 3, 2007 in this Court, Case No. C 07-06076-SI (N.D. Cal.), alleging that CAIR

11   infringed his copyright by posting audio excerpts of his October 29 radio show on the CAIR

12   website.  Savage's complaint also included a RICO claim.  Savage did not allege that CAIR had

13   made any false or tortious statements about him.

14   17.    On January 18, 2008, Brave New Films created and uploaded to its YouTube

15   channel the Video, which was posted to YouTube at the URL

16   http://www.youtube.com/watch?v=CtY-JWahHQs.  (A copy of the Video is attached to this

17   Complaint as Exhibit B.)

18   18.    The Video criticizes Savage for the same anti-Muslim comments made on his

19   October 29, 2007 radio show and for acting as a bully who attempts to silence his critics through

20   litigation.  The Video uses audio excerpts from Savage's October 29, 2007 broadcast, as CAIR

21   did on its website.  The Video runs one minute and twenty-three seconds, and audio excerpts

22   from "The Michael Savage Show" play during approximately one minute in the Video.  In that

23   minute, Savage tells Muslims to "take [their] religion and shove it up [their] behind," urges his

24   listeners to confront Muslims in the "supermarket line," and urges the federal government to

25   deport Muslims.  In addition to playing this brief audio clip, the Video directs viewers to

26   www.nosavage.org, a website dedicated to exposing and criticizing Savage's views that lists

27   certain companies that have advertised on "The Michael Savage Show," and urges viewers to

28   "do something" about Savage's intolerance.

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

19.     On January 18, 2008, Brave New Films launched a website, www.nosavage.org, dedicated to informing the public about Savage's hateful views by showing the Video and providing information about how to contact advertisers and ask them to remove ads from "The Michael Savage Show."  The website includes information about Savage's retaliatory lawsuit against CAIR and criticizes his attempts to censor CAIR by suing the group for copyright infringement.

20.     On July 25, 2008, this Court dismissed without leave to amend Savage's copyright claim against CAIR.  The Court granted CAIR's motion for judgment on the pleadings because it found that CAIR's use of the four-minute audio clip taken from Savage's October 29 broadcast was fair use. Recognizing that CAIR used limited excerpts from the radio show to criticize publicly the anti-Muslim message of those excerpts, the Court held "that the majority of the four fair use factors, including the most important factors, weigh in favor of [CAIR]."  See *Savage v. Council on American-Islamic Relations et al.,* Case No. C 07-06076-SI at 13 (N.D. Cal. July 25, 2008) (Document No. 38).

21.     Savage lost his copyright infringement claim against CAIR, and on August 15, 2008 this Court entered a final judgment dismissing the case in its entirety.

22.     The Video uses the same statements that CAIR used, from the same episode of Mr. Savage's show, for less time than CAIR did, in a video likewise designed to criticize Savage and his statements about Muslims.  Like the CAIR video, Brave New Films' use of a short clip from "The Michael Savage Show" in the course of directly criticizing the show's host for the very words he is saying in the clip is clearly fair use.  The clip uses less than a minute from Savage's two-hour October 29, 2007 broadcast.  The use of the clip was transformative, in that its purpose is to criticize Savage and his views, was non-commercial, was not a realistic substitute for the original radio show, and inflicted no cognizable harm on the market for Savage's copyrighted work.

23.     On September 29, 2008, counsel for OTRN delivered a letter by facsimile to YouTube's "DMCA Complaints" department, demanding the removal of "Michael Savage Hates Muslims," the Video at issue in this case, and 258 other videos that OTRN asserted were

6

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

1    infringing its "exclusive rights" of "publication[], broadcast[], and/or reproduction[]." A copy of

2    the September 29 letter is attached to this Complaint as Exhibit C. (The September 29 letter

3    included an exhibit listing the videos OTRN was complaining about, but the facsimile copy of

4    that exhibit was incomplete. OTRN later sent a complete copy of the exhibit to its September 29

5    letter, which is attached to this Complaint as Exhibit D.)

6        24.    YouTube treated this letter as a takedown notice pursuant to section 512(c)(3) of

7    the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. § 512(c)(3). On October 2, 2008,

8    YouTube disabled access to the Video and notified Brave New Films that this video had been

9    removed pursuant to the complaint by OTRN. (A copy of YouTube's notification to Brave New

10   Films is attached to this Complaint as Exhibit E.)

11       25.    Following the removal, Brave New Films submitted a DMCA counter-notice to

12   YouTube. Although YouTube has stated that the Video will be restored in the future, it has not

13   been restored yet.

14       26.    In addition to disabling access to the Video, YouTube disabled access to Brave

15   New Films' entire YouTube channel, which is Brave New Films' main channel of distribution

16   for its videos. Although YouTube restored access to the channel following notice from Brave

17   New Films' counsel, temporary disablement of Brave New Films' channel nevertheless caused

18   damages to Brave New Films, including but not limited to harm to its free speech rights and the

19   visibility Brave New Films had worked so hard to achieve.

20              **FIRST CLAIM:  DECLARATORY JUDGMENT**

21       27.    Brave New Films repeats and incorporates herein by reference the allegations in

22   the preceding paragraphs of this Complaint.

23       28.    There is a real and actual controversy between Brave New Films, and Savage and

24   OTRN, about whether the Video infringes Defendants' copyrights or any other "exclusive

25   rights" they purport to assert against YouTube. Specifically, OTRN asserted in its September 29

26   letter to YouTube that the Video infringes its "exclusive rights" of "publication[], broadcast[],

27   and/or reproduction[]" and demanded that the Video be removed from YouTube pursuant to

28   these complaints. Rights of reproduction and distribution are exclusive rights protected by the

7

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

1    Copyright Act, 17 U.S.C. § 106, and Savage is the registered owner of the copyrights in the

2    October 29, 2007 broadcast of "The Michael Savage Show," the source of the audio content

3    from Savage's show used in the Video.

4         29.    The Video does not infringe any exclusive rights secured by the Copyright Act or

5    any other state or federal law.  It is protected by the First Amendment to the United States

6    Constitution and judicial decisions construing such laws, and the Fair Use Doctrine, codified at

7    17 U.S.C. § 107.

8         30.    Brave New Films is therefore entitled to a declaration and judgment that the

9    Video does not infringe the copyrights of OTRN or Savage, or any other exclusive rights that

10   OTRN or Savage might assert under state or federal law.

11          **SECOND CLAIM: 17 U.S.C. § 512(f) MISREPRESENTATION**

12        31.    Brave New Films repeats and incorporates herein by reference the allegations in

13   the preceding paragraphs of this Complaint.

14        32.    OTRN's September 29, 2008 letter purported to be a notification sent pursuant to

15   the DMCA, and was treated by YouTube as a DMCA takedown notice.  In its September 29

16   letter, OTRN asserted that "Michael Savage Hates Muslims" infringes its "exclusive rights,"

17   including the rights of "publication[], broadcast[], and/or reproduction[]" when in fact the Video

18   infringes no such rights.  Accordingly, the letter and its allegations of infringement were false.

19        33.    On information and belief, OTRN and Savage had actual or constructive

20   knowledge that the Video did not infringe any "exclusive rights" of "publication[], broadcast[],

21   and/or reproduction[]."  These are rights protected by the Copyright Act, 17 U.S.C. § 106.  At

22   the time OTRN issued its takedown notice, the United States Copyright Office shows that

23   Savage was the legal owner of the copyrighted material.  *See* Exhibit A (Savage's copyright

24   registration for the October 29, 2007 show).  The same material used in nearly the identical

25   manner by CAIR was held by this Court to be fair use and non-infringing as a matter of law.

26   The decision of this Court notwithstanding, the use of short fragments of a two-hour radio

27   broadcast to demonstrate and criticize the views of its host is a self-evident fair use, and

28   obviously protected by the First Amendment's free speech guarantees.  Accordingly, the letter's

8

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

1   assertion that the Video infringes any "exclusive right" was a knowing and material

2   misrepresentation in violation of 17 U.S.C. § 512(f).

3         34.    As a direct and proximate result of the actions alleged in this Complaint, Brave

4   New Films has suffered damages, including but not limited to harm to its free speech rights, and

5   the expenses associated with responding to the improper take-down notice and vindicating its

6   free speech rights.

7                      **PRAYER FOR RELIEF**

8        WHEREFORE, Brave New Films prays for judgment as follows:

9         1.    A declaratory judgment that the Video does not infringe any copyrights, or any

10   other exclusive right, owned or asserted by OTRN and/or Savage;

11         2.    Injunctive relief restraining OTRN and Savage, and each of them, and each of

12   their agents, servants, employees, successors and assigns, and all others in concert and privity

13   with them, from bringing any lawsuit or threatening legal action relating to the Video, delivering

14   DMCA takedown notices directed at the Video to any third party, or asserting to any third party

15   that it has any legal right to interfere with the publication, distribution, performance, display, or

16   licensing of the Video, or to interfere with any linking to or from the Video on the internet;

17         3.    Damages according to proof;

18         4.    Attorneys' fees;

19         5.    Brave New Films' costs and disbursements; and

20         6.    Such other and further relief as the Court shall find just and proper.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

1

## DEMAND FOR JURY TRIAL

2      Plaintiff Brave New Films requests a trial by jury on all issues so triable, including but

3 not limited to those issues and claims set forth in any amended complaint or consolidated action.

4

5   DATED:  October 10, 2008                STANFORD LAW SCHOOL CENTER FOR
                                            INTERNET AND SOCIETY
6

7

8                                           By: _____  by wFA

9                                                Anthony T. Falzone
                                                 Attorneys for Plaintiff
10                                               Brave New Films 501(c)(4)

11  DATED:  October 10, 2008                Bingham McCutchen LLP

12

13                                          By: _____

14                                               William F. Abrams
                                                 Attorneys for Plaintiff
15                                               Brave New Films 501(c)(4)

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

# EXHIBIT

# E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BRAVE NEW FILMS,

    Plaintiff (s),

v.

MICHAEL WEINER,

    Defendant(s).

No. C 08-04703 JL

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable James Larson.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

    IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties
the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern
District Of California," additional copies of which can be downloaded from the following
Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 10/10/2008 | Complaint filed | |
| 12/24/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| 1/7/2009 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 1/14/2009 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm F,15th Floor,SF at 10:30 AM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

Chief Magistrate Judge James Larson
San Francisco
Courtroom F, 15th Floor

(415) 522-2112

James Larson, Chief Magistrate Judge

Wings Hom, Courtroom Deputy (415) 522-2046

Venice Thomas, Secretary (415) 522-2112

Kathleen Campbell, Career Law Clerk


NOTICES

1. Civil Law & Motion is heard on Wednesdays at 9:30 a.m. Counsel need not reserve a hearing date for civil matters, but should confirm the judge's availability in the legal newspapers and on the district court web site, www.cand.uscourts.gov. Motions are governed by the Civil Local Rules and the Federal Rules of Civil Procedure.

2. Criminal motions are scheduled with the courtroom deputy for any Thursday morning at 11:00 a.m. when the judge is available.  Motions are governed by the Federal Rules of Criminal Procedure and the Criminal Local Rules.

3. Case Management Conferences are held on Wednesdays at 10:30 a.m.

4. Pretrial Conferences are held Wednesdays at 11:00 a.m.

5. The Magistrate Judge's Settlement Conference Order is available on the Court web site or from the Clerk's Office.

6. Parties with questions regarding scheduling of settlement conferences should contact Judge Larson's Judicial Assistant, Venice Thomas, at (415) 522-2112. All other scheduling questions should be addressed to Judge Larson's Courtroom Deputy, Wings Hom, at (415) 522-2046.

7.      Pretrial motion papers, including discovery motions, shall be filed in accordance with Civil Local Rule 7-2. Pursuant to Civil Local Rule 5-2(a), any papers filed in connection with any motion referred to Magistrate Judge Larson by a district judge must

be filed in the Clerk's Office at the division where the chambers of the district judge is located, whether Oakland, San Francisco or San Jose. Pursuant to Civil Local Rule 5-2(b), the courtesy copies of papers filed in connection with any motion assigned to Magistrate Judge Larson, including those in cases where the assigned district judge sits in Oakland or San Jose, must be delivered to the Clerk's Office or to Magistrate Judge Larson's chambers, at 450 Golden Gate Avenue, San Francisco.

8. Discovery disputes in cases referred by the district court are handled either under Option 1 or Option 2, depending on when they were filed. Discovery disputes in this Court's consent cases are all handled according to Option 2.

      a.      Option 1: Motions noticed for a hearing before the district court and then referred to this court will be re-scheduled on Magistrate Judge Larson's Law and Motion calendar. Parties will be notified in writing.

      b.      Option 2: In disputes which arise after the case has been referred, but before being brought before the district judge on motion, the parties shall follow this procedure:

      The parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer. Counsel shall immediately advise this Court in writing of the outcome and what, if any, parts of their dispute will be submitted to the Court for resolution.

      If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement of 5 pages or less, stating the nature and status of their dispute. Parties shall not file affidavits or exhibits. If a joint statement is not possible, each side may submit a brief individual statement of 2 pages or less. **The joint statement or individual statements shall be filed or e-filed, if in an e-filing case, and courtesy copies submitted as provided by the Civil Local Rules.** The Court will advise the parties regarding the need, if any, for more formal briefing or a hearing, pursuant to Civil Local Rule 7-1(b).

      c.      Telephone conferences in discovery disputes are not encouraged but will be arranged at the court's discretion and are usually reserved for questions arising in the course of a deposition or other emergency.

9.     Any party seeking an award of attorney fees or other expenses as sanctions in connection with a discovery dispute shall file a separate motion as required by Civil Local Rule 37-1(e).

10.     In cases where a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth good cause and accompanied by a proposed order, as provided by Civil Local Rule 79-5.

11.      In all "E-Filing" cases when filing papers in connection with any motion for determination by the judge, the parties shall, in addition to filing papers electronically, lodge with chambers ONE printed copy of the papers by noon of the next court day following the day the papers are filed electronically. Do not submit multiple Chambers Copies. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-Filing Chambers Copy." Parties shall not manually file a paper copy of any document with the Clerk's Office that has already been filed electronically.

12.      Motions for summary judgment in cases assigned to Magistrate Judge Larson for trial shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts wherever possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts which the party contends are undisputed.


G:\JLALL\TRIAL\standingord-2008.wpd

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     _Jurisdiction and Service_:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     _Facts_: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     _Legal Issues_: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     _Motions_: All prior and pending motions, their current status, and any anticipated motions.

5.     _Amendment of Pleadings_: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     _Evidence Preservation_: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     _Disclosures_: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     _Discovery_: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     _Class Actions_: If a class action, a proposal for how and when the class will be certified.

10.    _Related Cases_: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    _Relief_: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.