1  Anthony T. Falzone (SBN 190845)
   Julie A. Ahrens (SBN 230170)
2  Christopher K. Ridder (SBN 218691)
   STANFORD LAW SCHOOL CENTER FOR
3  INTERNET AND SOCIETY
   559 Nathan Abbott Way
4  Stanford, California 94305-8610
   Telephone: (650) 736-9050
5  Facsimile: (650) 723-4426
   E-mail: falzone@stanford.edu
6
   William F. Abrams (SBN 88805)
7  Sheila M. Pierce (SBN 232610)
   BINGHAM MCCUTCHEN LLP
8  1900 University Avenue
   East Palo Alto, CA 94303-2223
9  Telephone: 650.849.4400
   Facsimile: 650.849.4800
10 Email: william.abrams@bingham.com

11 Attorneys for Plaintiff Brave New Films 501(c)(4)

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                        SAN FRANCISCO DIVISION
15

16
   MICHAEL SAVAGE,                              No. C 07-6076-SI
17
            Plaintiff,                          **DECLARATION OF SHEILA M.
18      v.                                      PIERCE EXPLAINING WHY
                                                STIPULATION COULD NOT BE
19 COUNCIL ON AMERICAN-ISLAMIC                  OBTAINED**
   RELATIONS, INC., COUNCIL ON
20 AMERICAN ISLAMIC RELATIONS ACTION
   NETWORK, INC., COUNCIL ON AMERICAN
21 ISLAMIC RELATIONS OF SANTA CLARA,
   INC., and DOES 3-100,
22
            Defendants.
23

24
25
26
27
28

I, Sheila M. Pierce, declare:

1. I am an attorney duly admitted to practice before this Court, and am an associate at Bingham McCutchen, LLP, Counsel for Brave New Films 501 (c) (4). This declaration is submitted pursuant Civil L.R. 7-11 to explain why a stipulation from counsel for Defendants Michael Weiner ("Michael Savage") and Original Talk Radio Network ("OTRN") could not be obtained. If called as a witness I would and could testify to the following:

2. On November 3, 2008, I called Christine Reilly, counsel for Defendants Michael Savage and OTRN, to meet and confer regarding the filing of the Administrative Motion filed herewith.

3. I advised Ms. Reilly that Brave New Films would be filing an Administrative Motion to Consider Whether Cases Are Related pursuant to L.R. 3-12. I also advised her that L.R. 7-11 required the parties file a stipulation with the proposed order and asked if her clients would be willing to stipulate to such.

4. Ms. Reilly responded that it had been her practice in the Northern District not to file such motions and that I should check with the Court before she would agree to further discussions regarding the stipulation.

5. I made two phone calls to the Court clerk that same day and left messages to inquire whether the motion was necessary. I did not get a reply that day.

6. On November 4, 2008, I sent Ms. Reilly a copy of Judge Illston's Standing Order and pointed out that Judge Illston required parties to comply with all Local Rules except as identified in her order. I noted that neither L.R. 3-12 nor L.R. 7-11 were identified exceptions. Attached hereto as Exhibit A is a true and correct copy of that email.

7. After I sent the email to Ms. Reilly, I received a telephone call from Judge Illston's clerk Ms. Yumiko Saito. Ms. Saito advised me that I needed to file the administrative motion.

8. I then sent Ms. Reilly an email notifying her that we needed to file the motion and asked to call to discuss. Attached hereto as Exhibit B is a true and correct copy of that email.

DECLARATION OF SHEILA M. PIERCE EXPLAINING WHY STIPULATION COULD NOT BE OBTAINED

1  9. Ms. Reilly emailed her response stating that "we will not agree to a stipulation, but we are not likely to oppose the motion." Attached hereto as Exhibit C is a true and correct copy of that email.

10. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

DATED: November 4, 2008

By: *Sheila M. Pierce* (signature)
Sheila M. Pierce