DANIEL A. HOROWITZ (SBN 92400)
Attorney at Law
P.O. Box 1457
Lafayette, California 94549
Telephone: (925) 283-1863

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN-ISLAMIC RELATIONS ACTION NETWORK, INC., COUNCIL ON AMERICAN-ISLAMIC RELATIONS OF SANTA CLARA, INC. and DOES 3-100,<br><br>Defendants. | Case No.   C 07-6076 SI<br><br>SUPPLEMENTAL DECLARATION OF IAN K. BOYD IN SUPPORT OF OPPOSITION TO MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS<br><br>Date: November 14, 2008<br>Time: 9:00 a.m.<br>The Honorable Susan Illston |

I, Ian K. Boyd, declare as follows:

1. I am a partner in the law firm of Harvey Siskind LLP. I have personal knowledge of the matters stated herein, and, if called as a witness, I could and would testify competently thereto.

2. Local Rule 54(6)(b)(1) requires that any party bringing a motion for attorneys' fees provide a declaration that they have made a good-faith attempt to meet and confer to resolve the dispute before filing the motion. In his original declaration submitted in support of Defendants' Fees Motion filed on August 29, 2008, Matthew Zimmerman, counsel for Defendants, confirmed that he

-1-

spoke with me by telephone on August 26, 2008, regarding the Fees Motion. Mr. Zimmerman declares: "While the parties have not come to an agreement regarding how much (if any) of a fee award [Plaintiff] would be willing to stipulate to, but [sic] future conversations may take place." Zimmerman Decl., ¶16.

3. On October 23, 2008, counsel for Plaintiff submitted my signed declaration confirming that Defendants did not comply with their meet and confer obligations under Local Rule 54-6(a). I have again reviewed my Declaration and everything stated therein is true and accurate.

4. On October 31, 2008, Defendants filed a reply brief in support of their Fees Motion ("Reply"), in addition to a Supplemental Declaration of Matthew Zimmerman.

5. In the Reply, Defendants assert that my Declaration contains "misrepresentations" regarding Defendants' failure to meet and confer which are "unfortunate." Reply, 6:13. For the first time,[1] Defendants now contend that they "did in fact meet and confer with Mr. Boyd regarding CAIR's fee motion, a conversation that confirmed that there was little reason to believe that further conversations would be anything but a waste of time." Reply, 6:15-17. This is quite a turn from the statements Mr. Zimmerman made in his Declaration, filed just after our conversation.

6. Mr. Zimmerman's Supplemental Declaration states that when he spoke with me on August 26, 2008, I allegedly "communicated" to him "in general terms what any settlement proposal would have to include for his client to seriously consider it. These terms were not acceptable to CAIR . . . . As a result of this conversation, I informed Mr. Boyd that there did not appear to be any likely basis for settlement."

7. No such statements were communicated by either party during our August 26 conversation. I never advised Mr. Zimmerman of any preconditions that any settlement must contain, and he certainly never advised me that anything I said had caused him to believe that there was no basis for settlement.

8. During our conversation, I did ask Mr. Zimmerman whether his client would be seeking fees for both the Copyright and RICO elements of the case under Section 505 of the

---

[1] Had Defendants disclosed these contentions in their opening papers, my Declaration in support of Plaintiff's Opposition would have addressed the points herein.

Copyright Act, and Mr. Zimmerman said yes. We briefly discussed the legal merits of whether it was appropriate under the Copyright Act to seek attorneys' fees expended to defend the RICO claim, and Mr. Zimmerman conveyed that it was his clients' position that they were entitled to a reimbursement of all of their fees. I told Mr. Zimmerman (I thought quite reasonably) that I could not provide any substantive response until I knew the amount of fees his client was seeking. Mr. Zimmerman did not appear to disagree with this point. He told me that he did not yet know the amount of fees being sought, and he could not even give me an approximation (notwithstanding that it had been almost two weeks since the Court's entry of judgment, and Defendants had ample time to compute most of their accumulated fees in the interim). He said he would try to get back to me with this figure the following day, which would still be two days before the filing deadline for the Fees Motion, and we concluded our conversation. Yet as noted in my original Declaration, Mr. Zimmerman did not provide any substantive follow up before Defendants filed the Fees Motion.

9. At no point in time prior to filing the Fees Motion did Mr. Zimmerman ever inform me that "there did not appear to be any likely basis for settlement." Moreover, such a statement is inconsistent with not only my Declaration, but Mr. Zimmerman's Declaration and his e-mail to me of August 26 (attached as Exhibit A to my original Declaration). If some supposed preconditions communicated by me were a bar to settlement, why did Defendants still agree to provide the amount of fees that their motion would be seeking at a time just before the filing of the Fees Motion, which would disclose this figure anyway? If I had communicated some alleged requirement which caused Mr. Zimmerman to tell me that settlement would not happen, why did he send me an e-mail after our call stating "I'm still consulting with my clients about the matters we discussed and will aim to get back to you by tomorrow"? If settlement was off, why did Mr. Zimmerman's original Declaration state that "future conversations may take place?"

10. Defendants have directly accused me and my firm, Harvey Siskind LLP, of making "misrepresentations" to the Court. Such an accusation is not only incorrect, but offensive. I will of course defer to the Court regarding how much weight, if any, it wishes to place on Defendants' failure to make a good-faith attempt to follow Local Rule 54-6 prior to filing their Fees Motion, and

what consequence, if any, Defendants should suffer for this failure. I will further defer to Mr. Horowitz, counsel for Plaintiff, to argue the substantive merits opposing the Fees Motion on Plaintiff's behalf. What I cannot defer on is setting the record straight.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 9th day of November, 2008, in San Francisco, California.

_____
Ian K. Boyd