IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SAVAGE,

        Plaintiff,

  v.

COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., *et al.*,

        Defendants.
                                   /

No. C 07-06076 SI

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

On August 29, 2008, defendants filed a motion for an award of attorney's fees and costs under the Copyright Act. [Docket No. 47] The motion is scheduled for hearing on November 14, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing.

Plaintiff Michael Savage brought suit in this court on December 3, 2007 for copyright infringement and civil RICO (Racketeer Influenced and Corrupt Organizations) claims against defendants. At the same time as they filed an answer to the complaint, defendants moved for judgment on the pleadings. By order dated July 25, 2008, this Court granted defendants' motion for judgment on the pleadings as to both causes of action. The copyright claim was dismissed with prejudice, while the RICO claim was dismissed with leave to amend. Plaintiff failed to amend his complaint, and judgment was entered on August 15, 2008.

This Court has discretion under the Copyright Act to allow recovery of costs and attorneys' fees by or against any party. *See* 17 U.S.C. § 505. "In applying this provision, district courts are charged with two tasks: First, deciding whether an award of attorneys' fees is appropriate, and second, calculating the amount of fees to be awarded." *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 832-

33 (9th Cir. 2003). In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1992), the Supreme Court considered the factors which govern the court's discretion in performing the first task, deciding whether to award fees, with respect to prevailing defendants. The Court held:

> Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified."

*Fogerty,* 510 U.S. at 534 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436-437 (1983)).

On remand in *Fogerty*, the Ninth Circuit provided the following analysis of the Supreme Court's standards:

> Considerations discussed by the Court include the Copyright Act's primary objective, "to encourage the production of original literary, artistic, and musical expression for the good of the public," *id.* at 524, 114 S.Ct. at 1028; the fact that defendants as well as plaintiffs may hold copyrights, *id.* at 525-527, 114 S.Ct. at 1029, and "run the gamut from corporate behemoths to starving artists," *id.* at 524, 114 S.Ct. at 1028 (internal quotations and citation omitted); the need to encourage "defendants who seek to advance a variety of meritorious copyright defenses ... to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement," *id.* at 527, 114 S.Ct. at 1030; and the fact that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright," *id.*

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 557-558. In capsule, "Faithfulness to the purposes of the Copyright Act is . . . the pivotal criterion." *Id.*, at 558.

Here, the purposes of the Copyright Act were affected only marginally. Plaintiff's Copyright Act claim was never strong and was litigated anemically. Plaintiff saved his heavy artillery for his RICO claim, which he ultimately abandoned despite having been given leave to amend. The action was terminated promptly after resolution of defendants' first motion. While the Court agreed with defendants' fair use argument, there were features of the decision which required analysis.

Having considered the standards set out by the case law, and considering the "pivotal" criterion of the purposes of the Copyright Act, this Court finds in its discretion that attorneys' fees are not warranted in this case. Accordingly, the Court hereby DENIES defendants' motion.

**IT IS SO ORDERED.**

Dated: November 12, 2008

SUSAN ILLSTON
United States District Judge