Thomas R. Burke (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:  (415) 276-6500
Facsimile:   (415) 276-6599
Email:         thomasburke@dwt.com

Matt Zimmerman (CA State Bar No. 212423)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:  (415) 436-9333
Facsimile:   (415) 436-9993
Email:         mattz@eff.org

Attorneys for Defendants
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, INC., COUNCIL ON AMERICAN
ISLAMIC RELATIONS ACTION NETWORK, INC.,
AND COUNCIL ON AMERICAN ISLAMIC
RELATIONS OF SANTA CLARA, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SAVAGE,<br><br>           Plaintiff,<br><br>    v.<br><br>COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS ACTION NETWORK, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS OF SANTA CLARA, INC., and DOES 3-100,<br><br>           Defendants. | Case No. CV07-06076 SI<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE DENIAL OF AN AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     January 30, 2009<br>Time:    9:00 a.m.<br>Judge:   The Honorable Susan Illston |

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 9:00 a.m. on January 30, 2009, or as soon thereafter as the matter may be heard, in Courtroom 10 on the 19th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendants Council on American-Islamic Relations, Inc., the Council on American-Islamic Relations Action Network, Inc., and the Council on American-Islamic Relations of Santa Clara, Inc. (collectively "Council on American-Islamic Relations" or "CAIR") will, and hereby do, move the Court to reconsider its Order of November 12, 2008, denying CAIR's Motion for attorneys' fees and costs. Pursuant to Federal Rules of Civil Procedure 59(d) and 60(b), a party may move a Court to reconsider a final judgment if it "committed clear error or the initial decision was manifestly unjust." Here, the Court plainly misinterpreted and misapplied black letter law regarding the proper identification and application of factors that inform its discretion in evaluating a fee request under 17 U.S.C § 505.

Dated: November 26, 2008

DAVIS WRIGHT TREMAINE LLP
Thomas R. Burke

ELECTRONIC FRONTIER FOUNDATION
Matthew J. Zimmerman

By: /s/ Matthew Zimmerman
Matthew J. Zimmerman

Attorneys for Defendants
COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS ACTION NETWORK, INC., AND COUNCIL ON AMERICAN ISLAMIC RELATIONS OF SANTA CLARA, INC.

Case No. CV07-06076 SI
NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 12, 2008, the Court denied CAIR's August 29, 2008, Motion for Attorneys' Fees and Costs ("Order"), citing the weakness of Plaintiff Michael Savage's claim and presentation as well as the strength of CAIR's fair use defense. In reaching its decision, the Court applied an incorrect "exceptional circumstances" standard, weighed the weakness of the Plaintiff's arguments *against* CAIR, and held that the existence of a second claim that may have demanded a significant portion of counsel's attention weighed against awarding *any* fees under 17 U.S.C. § 505. Because the Court's erroneous identification and application of these fee award factors amounted to clear error and because the decision was "manifestly unjust," CAIR respectfully moves for reconsideration.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move the district court to alter or amend a final judgment; similarly, pursuant to Federal Rule of Civil Procedure 60(b), a party may move the district court to relieve a party from a final judgment. Reconsideration is appropriate if the district court "committed clear error or the initial decision was manifestly unjust." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).[1]

## III. ARGUMENT

While a determination to award attorneys' fees under 17 U.S.C. § 505 is discretionary, a district court abuses its discretion by either applying factors that contradict the "purposes of the

---

[1] The Local Rules require leave of court prior to filing a motion seeking reconsideration of an interlocutory order. *See* Civ. L.R. 7-9(a) (discussing "motion for reconsideration of any interlocutory order"). Because the Court's Order denying fees was not an interlocutory order, leave of court is not required prior to the filing of this motion. *See, e.g., Holloway v. England,* 50 Fed. Appx. 836, 839-40 (9th Cir. 2002) (the requirements of Local Rule 7-9 do not apply to motions for reconsideration of final orders brought under Rule 59(e)).

Copyright Act" or by similarly misapplying judicially-recognized factors such that they contradict those purposes. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996) ("*Fogerty III*") ("Faithfulness to the purposes of the Copyright Act is . . . the pivotal criterion."). *See also, e.g.*, *U.S. v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988) (citing *United States v. Kramer*, 827 F.2d 1174, 1179 (8th Cir. 1987)) ("[A]buse of discretion means court failed to consider significant factor, or 'an irrelevant or improper factor is considered and given significant weight,' or it commits clear error of judgment in weighing all proper factors."). The Court initially identified the Ninth Circuit's general rule from *Fogerty III* but erred in its subsequent application of that case and other binding precedent. As explained below, CAIR respectfully requests that the Court reconsider its application in order to correct the clear error.

### A.   The Court Improperly Applied an "Exceptional Circumstances" Test.

As an initial matter, the Court appears to have improperly applied an "exceptional circumstances" requirement that contradicts controlling Ninth Circuit law. Instead, as the Court initially recognized but failed to correctly apply, "[f]aithfulness to the purposes of the Copyright Act is . . . the pivotal criterion."[2] *Fogerty III*, 94 F.3d at 558. And as the Supreme Court and Ninth Circuit have repeatedly held, a successful fair use defense (as here) indisputably advances the purposes of the Copyright Act. *See, e.g., Mattel, Inc. v. Walking Mountain Prods*, 353 F.3d 792, 803 (9th Cir. 2003) (holding that a fair use "created the sort of social criticism and parodic speech protected by the First Amendment and promoted by the Copyright Act."[3]); *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003) ("[C]opyright law contains built-in First Amendment accommodations" in the form of the fair use doctrine and other protections.). *See also, e.g., Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) (*"Fogerty II"*) ("[I]t is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible.").

---

[2] The Court's erroneous interpretation of *Fogerty III* is summed up in its last paragraph: "[C]onsidering the 'pivotal' criterion of the purposes of the Copyright Act, this Court finds in its discretion that attorneys' fees are not warranted in this case." Order at 2. The *Fogerty III* Court's use of the word "pivotal" refers to the nature of the factors considered by a Court in its discretion, not to imply that the case itself must be "pivotal" in a normative sense.

[3] *Compare* Order of July 25, 2008, at 2 (noting that this case is "a dispute about the ideas expressed in a four-minute audio clip and the protections of the First Amendment . . .").

While the Court properly found that Savage's copyright infringement claim "was never strong" and noted the speed with which CAIR disposed of it with its first motion (implying that the issues raised were not unusual or out of the ordinary), such a finding can only support CAIR's motion. The apparent application of a higher "exceptional circumstances" standard – in essence, demanding that the moving party meet a standard approaching that found in Federal Rule of Civil Procedure 11 – has been squarely rejected by the Ninth Circuit. *See, e.g., Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996) ("'[E]xceptional circumstances' are not a prerequisite to an award of attorneys fees [under 17 U.S.C. § 505]."); *Fogerty III*, 94 F.3d at 559 (same) (citing *Historical Research*). A finding of "exceptional circumstances," even though required for an award of attorneys' fees in other statutory regimes such as under trademark law, is not necessary under copyright law. *Compare* 15 U.S.C. § 1117(a); *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997) ("When a plaintiff's [trademark] case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant.") (citing *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 555 (8th Cir. 1996)).

As the Court's fair use finding promotes the purposes of the Copyright Act, and as CAIR need not demonstrate "exceptional circumstances," a fee award is appropriate given the Court's undisputed findings of fact.

### B. The Court Improperly Found that the Weakness of Savage's Copyright Claim Weighed *Against* CAIR.

Second, finding that the weakness of Savage's copyright claim actually weighed *against* CAIR, the Court's decision contradicts the instructions of both the Supreme Court and the Ninth Circuit to "treat prevailing plaintiffs and prevailing defendants alike." *See Historical Research*, 80 F.3d at 378; Order at 2. *See also, e.g., Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) ("*Fogerty II*") ("[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."). While the Court appears not to have found *all* of Savage's arguments to be frivolous – "there were features of the decision which required analysis" – the

distinction is immaterial for purposes of determining *who* the Court's general observation supports: unquestionably, the Court's finding that Savage's copyright claim "was never strong and was litigated anemically" weighs in favor of CAIR. Order at 2. Even if the Court found *some* of Savage's arguments to be non-frivolous (though ultimately wrong), such a finding cannot alone serve as the basis for rejecting fees incurred defending *all* of his arguments. *See, e.g., Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir. 1985) (holding that the trial court properly awarded fees compensating the prevailing party for successful arguments and excluding from the final fee award compensation for arguments that the losing party properly contested). Having recognized the overall weakness of Savage's theory and effort, the Court must weigh this factor in favor of CAIR, if anyone.

Furthermore, by holding Plaintiff's legal deficiencies against CAIR, and by further penalizing CAIR for promptly prevailing on the copyright claim "after resolution of defendants' first motion" (Order at 2), the Court effectively turns the "need for deterrence" factor on its head. *See, e.g., Fogerty II*, 510 U.S. at 534 n. 19; *Wall Data Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2006). The Court should reconsider because instead of discouraging the filing of copyright infringement claims that lack serious merit (and encouraging defendants to advance "meritorious copyright defenses") as the Supreme Court and Ninth Circuit intended, the decision instead encourages the filing of such claims by seemingly shielding Savage from a fee award in part *because* his claim was weak.

Bringing claims to a prompt resolution preserves the resources of the parties as well as the Court. *See, e.g., Azanor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004) ("[T]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases.") (quoting *INS v. Abudu*, 485 U.S. 94, 107 (1998)). CAIR respectfully asks the Court to reconsider penalizing CAIR for doing so because such requirements are not "consistent with the purposes of the Copyright Act" or Ninth Circuit policy generally. *Fogerty III*, 94 F.3d at 560.

DAVIS WRIGHT TREMAINE LLP

### C. The Existence of Additional Claims Does Not Affect the Appropriateness of a Fee Award for a Successful Defense of a Copyright Infringement Claim.

Third, the Court's finding that the existence of multiple claims in the same litigation weighs against a copyright fee award also constitutes clear error. Order at p 2. There is no case law to support such a rule. If the Court's decision were to stand uncorrected, litigants would be encouraged to insulate themselves against copyright fee awards by piling tenuous[4] non-copyright claims on top of "weak" copyright infringement claims in order to drive down the relative weight of the copyright claim, creating perverse incentives at odds with the purposes of the Copyright Act.

This component of the Court's Order misconstrues the two-part attorneys' fees analysis of *Fogel III* and its progeny. Evaluating a fee request under 17 U.S.C. § 505, a court is to first determine whether fees should be awarded; once (and only when) an award is determined to be appropriate does a court properly move to an evaluation of the award's amount. *See, e.g., Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 832-33 (9th Cir. 2003). Questions about the proper *amount* of copyright fees to award cannot affect the Court's initial decision about the *appropriateness* of granting such an award in the first place. Courts have a well-recognized option to resolve the "amount" question, if such a question exists: requesting further information from the moving party. *See, e.g., Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1232 (9th Cir. 1997) (remanding to the district court to require a more specific accounting of the time spent on copyright and non-copyright claims); *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 834 (9th Cir. 2003) ("In the present case, the district court denied fees altogether rather than making an attempt to apportion fees between the copyright and non-copyright claims. . . . The fact that it is not a simple task to discern from this data precisely

---

[4] From the Court's Order of July 25, 2008, in which all of Savage's claims (not simply the copyright infringement claim) were dismissed: "[T]he Court finds that plaintiff's Second Amended Complaint is similar to the complaint at issue in *Pelletier v. Zweifel*, 921 F.2d 1465, 1518-19 (11th Cir. 1991), in which the Eleventh Circuit affirmed the district court's dismissal of a RICO claim because it was brought to harass the defendant and constituted 'shotgun' pleadings that made it extremely difficult for the court and opposing parties to identify the facts that would give rise to a cognizable claim." Order of July 25, 2008, at 19.

DAVIS WRIGHT TREMAINE LLP

what fees are attributable to the copyright claims does not excuse a failure to make such an allocation.").

## IV.   CONCLUSION

While the Court initially recited the appropriate test for evaluating a motion for fees under 17 U.S.C. § 505, its application squarely contradicts controlling case law.  As *all* of the facts cited by the Court weigh in favor of CAIR (or at worst favor neither party), CAIR respectfully asks the Court to reconsider its Order of November 12, 2008, and grant CAIR's motion for fees and costs.

Dated:  November 26, 2008

DAVIS WRIGHT TREMAINE LLP
Thomas R. Burke

ELECTRONIC FRONTIER FOUNDATION
Matthew J. Zimmerman

By:  /s/ Matthew Zimmerman
    Matthew J. Zimmerman

Attorneys for Defendants
COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN ISLAMIC RELATIONS ACTION NETWORK, INC., AND COUNCIL ON AMERICAN ISLAMIC RELATIONS OF SANTA CLARA, INC.