DANIEL A. HOROWITZ State Bar No. 92400
Attorney at Law
P.O. Box 1547
Lafayette, California 94549
(925) 283-1863

Attorney for Plaintiff

*UNITED STATES DISTRICT COURT*

*NORTHERN DISTRICT OF CALIFORNIA*

| | |
|---|---|
| MICHAEL SAVAGE,<br>aka (Michael Weiner)<br><br>        Plaintiff,<br><br>vs.<br><br>Counsel on American-Islamic Relations, Inc., Council on American Islamic Relations Action Network, Council on American Islamic Relations of Santa Clara, and Does 3-100<br><br>        Defendants.<br>_____/ | No. CV 07-06076 SI |

**PLAINTIFF'S OPPOSITION**

**TO DEFENDANT'S**

**MOTION FOR RECONSIDERATION OF THE DENIAL**

**OF AN AWARD OF ATTORNEY'S FEES AND COSTS**

CAIR has not stated any legal basis for reconsideration. Its own papers ultimately admit that it disagrees with the Court's *choices* and the Court's exercise of discretion but it fails to cite any newly discovered facts, clear error or change in the law that requires the application of this extraordinary remedy. In its closing paragraph, CAIR concedes that "[t]he Court initially recited the appropriate test for evaluating a motion for fees under 17 U.S.C. § 505" (Mot. For Reconsid. 6:5-6)

CAIR's disagreement is in the application of the facts to the law. ("...its application squarely contradicts controlling case law." Mot. For Reconsid. 6:6) The reason for CAIR's disagreement is that "... *all* of the facts cited by the Court weigh in favor of CAIR..." (Mot. For Reconsid. 6:6-7)

CAIR's motion is simply a targeted reiteration of its previous arguments. CAIR did not meet any of the criteria for reconsideration of the Court's order. The Motion for Reconsideration should be denied because CAIR has not presented "newly discovered evidence, the court did not commit clear error or make a manifestly unjust decision, and there has not been a change in controlling law. See Local Rule 7-9(b); see generally School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)." *(Kilgore v. Walker*, 2008 U.S. Dist. LEXIS 80367, 1-2 (N.D. Cal. Oct. 10, 2008))

To the extent that CAIR contends that any of its arguments are new, these cannot be newly considered because they should have been raised in the original briefings. *(Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. Cal. 2001). In reality, none of the arguments are new, they are simply restated in direct opposition to the Court's ruling. This is simply an attempt to continue to argue once the matter has been decided.

While vigorous advocacy is always entitled to respect, there is no legal or factual basis for

**Plaintiff's Opposition to Defendant's Motion to Reconsider**      1

1  reconsideration.

2

3  Dated: November 30, 2008

4  _____
   Daniel Horowitz
   Attorney for Plaintiff

...

28  **Plaintiff's Opposition to Defendant's Motion to Reconsider**          2