Thomas R. Burke (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
Email:         thomasburke@dwt.com

Matt Zimmerman (CA State Bar No. 212423)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993
Email:         mattz@eff.org

Attorneys for Defendants
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, INC., COUNCIL ON AMERICAN-
ISLAMIC RELATIONS ACTION NETWORK, INC.,
AND COUNCIL ON AMERICAN-ISLAMIC
RELATIONS OF SANTA CLARA, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SAVAGE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN-ISLAMIC RELATIONS ACTION NETWORK, INC., COUNCIL ON AMERICAN-ISLAMIC RELATIONS OF SANTA CLARA, INC., and DOES 3-100,<br><br>    Defendants. | Case No. CV07-06076 SI<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE DENIAL OF AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Date:   January 30, 2009<br>Time:   9:00 a.m.<br>Judge:  The Honorable Susan Illston |

In neither of his Opposition briefs does Plaintiff Michael Savage contradict the substantive arguments made by CAIR in its Motion for Reconsideration. As a result, because the Court's denial of CAIR's fee motion constituted clear error and because it would otherwise amount to a manifest injustice, CAIR's motion for reconsideration should be granted.

In his first Opposition, filed on November 30, 2008 (Docket No. 63), Savage simply asserts without argument (while citing Local Rule 7-9(b) which is inapplicable here) that the Order at issue did not amount to clear error. In his second Opposition, filed without leave of Court on December 16, 2008 (Docket No. 65), Savage incorrectly argues that a temporary revocation of CAIR's articles of incorporation removes CAIR's standing to proceed in the copyright lawsuit filed against it. Even assuming that such an assertion would have merit regarding corporations with revoked status, Savage's argument is moot as CAIR's corporate status – temporarily revoked due to a filing error – was reinstated in full on December 24, 2008. *See* Exhibit A to Al-Khalili Declaration of January 15, 2009, in Support of Motion for Reconsideration at ¶ 3. Pursuant to the District of Columbia Official Code, CAIR's "certificate of reinstatement … shall have the effect of annulling the revocation proceedings theretofore taken as to such corporation and such corporation shall have such powers, rights, duties, and obligations as it had at the time of the issuance of the proclamation with the same force and effect as to such corporation as if the proclamation had not been issued." D.C. Code § 29-301.90. *See, e.g., National Paralegal Institute, Inc. v. Bernstein,* 498 A.2d 560, 562 (D.C. Cir. 1985) (reinstatement of corporate charter pursuant to D.C. Code § 29-301.90 applies retroactively to restore corporation's existence for the maintenance of action for breach of a lease, even though the lease was signed during the period in which the charter had been revoked).

In denying CAIR's fee motion, the Court plainly misinterpreted and misapplied black letter law regarding the proper identification and application of factors that inform its discretion in evaluating a fee request under 17 U.S.C. § 505. This misapplication – requiring CAIR to meet an "exceptional circumstances" standard, holding the weakness of Savage's claims and arguments against CAIR, and penalizing CAIR for Savage's buttressing of his meritless copyright claim with a fatally-flawed non-copyright claim – not only improperly penalizes CAIR but in doing so sets a

precedent wholly at odds with the "purposes of the Copyright Act." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996); Order of November 12, 2008, at 2. In order to ensure that litigants such as Savage are not able to continue to use copyright law as a pretext for silencing critics, defendants should (as instructed by the Supreme Court) be encouraged to fully litigate meritorious defenses. *See, e.g., Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) ("[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."). Denying a reasonable fee award to Defendants forced to defend (successfully) against a copyright claim that was "never strong" and "anemically litigated" plainly does not satisfy this mandate. Order of November 12, 2008, at 2.

In the words of the Court, this case amounts to a "dispute about the ideas expressed in a four-minute audio clip and the protections of the First Amendment, protections upon which plaintiff relies for his livelihood and the airing of his radio program." Order of July 25, 2008, at 2. As the Court unequivocally recognized, copyright law is an inappropriate tool with which to attack the ideas of opponents. Given this fact, CAIR respectfully asks that the Court grant its Motion for Reconsideration and properly weigh its factual findings in CAIR's favor so that Savage and others have a disincentive – as explicitly set forth in the Copyright Act – to pursue such meritless copyright litigation in the future.

Dated: January 15, 2009            DAVIS WRIGHT TREMAINE LLP
                                   Thomas R. Burke

                                   ELECTRONIC FRONTIER FOUNDATION
                                   Matthew J. Zimmerman


                                   By:  /s/ Matthew Zimmerman
                                        Matthew J. Zimmerman

                                   Attorneys for Defendants
                                   COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., COUNCIL ON AMERICAN-ISLAMIC RELATIONS ACTION NETWORK, INC., AND COUNCIL ON AMERICAN-ISLAMIC RELATIONS OF SANTA CLARA, INC.