IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAVAGE,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNCIL ON AMERICAN-ISLAMIC RELATIONS, INC., *et al.*,<br><br>    Defendants.<br>                                      / | No. C 07-06076 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

Defendants have filed a motion for reconsideration of the Court's November 12 Order denying defendants' motion for attorneys' fees. The motion is scheduled for hearing on January 30, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, defendants' motion is DENIED.

Defendants' motion is improper because they failed to seek leave of this Court before filing a motion for reconsideration, as required by Civil Local Rule 7-9(a). Had defendants sought leave of Court, it would have been denied because defendants have filed to demonstrate:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil Local Rule 7-9(b).

Defendants appear to argue that the Court did not consider dispositive legal arguments in its denial of defendants' motion for attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505. The Court held that under the circumstances, attorneys' fees were not warranted because plaintiff's Copyright Act claim was "never strong and was litigated anemically," while the prolix RICO claims required more attention. *See* Nov. 12, 2008 Order, at *2. [Docket No. 60] Defendants contend that this ruling contradicted controlling case law. According to defendants, the Court improperly required defendants to make a showing of "exceptional circumstances." Defendants are incorrect. *Fantasy, Inc. v. Fogerty* made clear that "a finding of bad faith, frivolous or vexatious conduct" is not required for an award of attorneys' fees under the Copyright Act, and this Court did not deny defendants' motion based on a misapprehension about the appropriate legal standard. 94 F.3d 553, 560 (9th Cir. 1996). As articulated in its November 12 Order, the Court found that, under all the circumstances of the case, the purposes of the Copyright Act would not be served by awarding attorneys' fees to defendants and therefore denied defendants' motion. Defendants' motion for reconsideration of the November 12 Order is DENIED.

**IT IS SO ORDERED.**

Dated: January 26, 2009

SUSAN ILLSTON
United States District Judge